# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### CASE NO.

TECNOGLASS, LLC, a Florida limited liability
company,

      Plaintiff,

v.

EUSEBIO     PAREDES,    an    individual,
BUILDING ENVELOPE SYSTEMS, INC., a
Florida   corporation,   and   RC   HOME
SHOWCASE, INC., a Florida corporation,

      Defendants.

_____/

## COMPLAINT

Plaintiff Tecnoglass, LLC ("**Tecnoglass**"), through undersigned counsel, sues Defendants

Eusebio Paredes a/k/a Eddie Paredes ("**Paredes**"), Building Envelope Systems, Inc. ("**BES**"), and

RC Home Showcase, Inc. ("**RC Home**"), and in support alleges:

### I.    PRELIMINARY STATEMENT

1.    Tecnoglass brings this action seeking to put an immediate stop to, and to obtain

redress for, Paredes' unlawful conduct, carried out through his entities and Co-Defendants BES

and RC Home. Paredes' unlawful conduct includes utilizing BES, RC Home and potentially other

entities owned or controlled by Paredes, to willfully and knowingly: (a) infringe upon Tecnoglass'

copyrighted designs of various glass and glazing construction products including windows, sliding

glass doors, and window wall systems; (b) improperly and illegally circumvent the reach of a

settlement agreement meant to put a stop to RC Home's infringing upon Tecnoglass' copyrights

and other intellectual property; and (c) tortiously interfere with Tecnoglass' business relationships.

2.    Tecnoglass, along with its parent companies and affiliates, is one of the largest and

most respected players in the business of manufacturing and selling, *inter alia*, various windows,

sliding glass doors, window wall systems and related products for the residential and commercial construction industries in North, Central, and South America.

3.      Formed in 1990, up until 2013, non-party RC Aluminum Industries, Inc. ("**RC Aluminum**") was one of the nation's largest window and sliding glass door companies operating in the same space as Tecnoglass, but primarily in the South Florida market. In connection with its business, RC Aluminum developed and owned proprietary intellectual property rights, including specifically, but without limitation, Miami-Dade Notices of Acceptance ("**NOAs**"), drawings, and associated copyrights pertaining to various windows, sliding glass doors, and window wall systems (collectively, the "**RC Aluminum Intellectual Property**").

4.      Throughout most of RC Aluminum's active presence in the South Florida window and door market, Paredes was a principal and owner of RC Aluminum. Specifically, according to records from Florida's Division of Corporations, Paredes was an officer from 1996 up until **January 2014**.

5.      During this time, upon information and belief, Paredes was a minority owner of co-defendant RC Home—a then affiliate of RC Aluminum and, too, a window and sliding glass door company—from entity formation in 2003 up until **October 2013**.

6.      At the same time Paredes was exiting RC Aluminum and RC Home, Paredes formed Defendant BES—yet another window and sliding glass door company and competitor of Tecnoglass. Specifically, according to records from Florida's Division of Corporations, Paredes formed BES in **October 2013**.

7.      Paredes' exit from RC Aluminum and RC Home, as well the formation of BES (all occurring between October 2013 and January 2014), coincided with Tecnoglass' acquisition of

substantially all of the RC Aluminum Intellectual Property, which acquisition closed in **November 2013**, by way of a purchase agreement (the "**Acquisition Agreement**").

8.      Thereafter, according to records from Florida's Division of Corporations, Paredes exited RC Home in October of 2013 and then (re)acquired RC Home in late 2020 / early 2021.

9.      Upon information and belief, Paredes is aware and has knowledge that during that time, Tecnoglass sued RC Home **TWICE** (in 2014 and 2016) for improper use of the NOAs acquired from RC Aluminum, and that **TWICE** Tecnoglass and RC Home entered into settlement agreements restricting RC Home's use of Tecnoglass' intellectual property including, without limitation, the NOAs and protected technical drawings contained in the relevant NOA's. The latest settlement agreement between Tecnoglass and RC Home was entered into in 2018 (the "**2018 Settlement Agreement**"), and a copy of same is attached as **Exhibit A**.[1]

10.      After Paredes (re)acquired RC Home in late 2020 / early 2021, in an effort to circumvent heavy penalties associated with an RC Home breach of the 2018 Settlement Agreement, Paredes utilized BES (which is not specifically a party to the agreement) to improperly use and monetize the RC Aluminum Intellectual Property owned by Tecnoglass.

11.      In sum, Paredes used his knowledge of RC Aluminum, RC Home, the RC Aluminum Intellectual Property, the transaction between RC Aluminum and Tecnoglass, and the 2018 Settlement Agreement to defraud Tecnoglass and infringe upon the RC Aluminum Intellectual Property owned by Tecnoglass. More specifically, **Paredes hid behind and utilized BES and RC Home as vehicles to infringe upon the very intellectual property Paredes**

---

[1] The 2018 Settlement Agreement is confidential and, at the appropriate time, Tecnoglass will move for the document to be filed under seal.

**(through RC Aluminum) sold to Tecnoglass in 2013. Tecnoglass has only recently discovered these intentional, unauthorized, and illegal acts.**

12.     This intentional conduct is ongoing and causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Tecnoglass. Defendants' intentionally infringing conduct must immediately be stopped and Tecnoglass must be compensated.

## II.     PARTIES, JURISDICTION AND VENUE

13.     Plaintiff Tecnoglass is a limited liability company organized under the laws of Florida, having its principal place of business in Miami-Dade County, Florida.

14.     Defendant Paredes is an individual, *sui juris*, and a resident of Miami-Dade County, Florida.

15.     Defendant RC Home is a Florida corporation, having its principal place of business in Miami-Dade County, Florida.

16.     Defendant BES is a Florida corporation, having its principal place of business in Miami-Dade County, Florida.

17.     This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the Copyright Act of the United States, 17 U.S.C., § 101, *et seq.*

18.     This Court has subject matter jurisdiction over the copyright infringement cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19.     This Court has supplemental jurisdiction over the cause of action for breach of the 2018 Settlement Agreement under 28 U.S.C. § 1367(a).

20.     This Court has personal jurisdiction over Paredes because, among other things, the acts of infringement complained of herein occurred in Florida and in this judicial district, Paredes has caused and continues to cause injury to Tecnoglass and its intellectual property within Florida and in this judicial district, and Paredes resides in this judicial district.

21.     This Court has personal jurisdiction over BES because, among other things, the acts of infringement complained of herein occurred in Florida and in this judicial district, BES has caused and continues to cause injury to Tecnoglass and its intellectual property within Florida and in this judicial district, and, while it is now administratively dissolved for failure to file its annual report, BES had its principal place of business in this judicial district. Paredes owns and controls BES.

22.     This Court has personal jurisdiction over RC Home because, among other things, RC Home conducts business within Florida and within this judicial district, the acts of infringement complained of herein occurred in Florida and in this judicial district, RC Home has caused and continues to cause injury to Tecnoglass and its intellectual property within Florida and in this judicial district, and RC Home has its principal place of business in this judicial district. Upon information and belief Paredes owns and controls RC Home.

23.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

### III.     GENERAL AVERMENTS

#### A.  *Tecnoglass' business and the importance of NOAs.*

24.     For over 38 years, Tecnoglass, through its parent companies and affiliates, has manufactured and sold architectural glass windows, doors, and aluminum railings for the residential and commercial construction industries in North, Central, and South America. Tecnoglass is an industry leader, offering various products including soft coat, laminated/thermo-laminated, thermo-acoustic, tempered, silk-screened, curved, and digital print glass, as well as aluminum products, such as profiles, rods, bars, plates, tubes, and other hardware used in the manufacture of architectural glass settings, including windows, doors, and spatial separators. Tecnoglass also provides floating facades, windows and doors, commercial display windows,

hurricane-proof windows, automatic doors, bathroom dividers, photovoltaic structures, and other components of architectural systems.

25.    In late 2013, under the Acquisition Agreement with RC Aluminum, Tecnoglass acquired substantially all of the RC Aluminum Intellectual Property, which includes specifically, but without limitation, NOAs and drawings pertaining to various construction elements, including windows, sliding glass doors, and window wall systems.

26.    NOAs, which are product approvals issued by Miami-Dade County, are essential to Tecnoglass' business. An NOA is an approval designation by the Miami-Dade County Product Control Approval System issued upon acknowledgment that a design has satisfied standards of products used for construction in Miami-Dade County, including requirements resulting from the county's inclusion in the High Velocity Hurricane Zone. All products that comprise a building require the issuance of an approval in order to be used for construction in Miami-Dade County.

27.    Having products with NOAs is a critical and necessary aspect of Tecnoglass' business because it signifies compliance with the Florida Building Code, one of the toughest in the country for good reason. Because Florida residents and members of the construction industry who are building residential and commercial structures benefit from the services and recognition of Miami-Dade County's Product Approval System, which is viewed by many as the benchmark for code-related building product approvals, NOAs are not only a very important and valuable business asset of Tecnoglass and others in the industry, but also represent significant business goodwill.

28.    NOAs are necessary for any wind system installed in Miami-Dade County and are sought out by developers and builders worldwide. Obtaining NOAs requires invention, dedication, time, and resources.

DM2\16079480.1

29.     As a result, any unauthorized use of Tecnoglass' NOAs and related designs and engineering necessarily causes Tecnoglass significant economic and reputational harm.

**B.   Tecnoglass' Copyright Registrations for certain sliding glass door and window wall system products.**

30.     Tecnoglass owns the following valid copyright registrations relating to technical drawings for sliding glass door and window wall system products ("**Technical Drawings**"), which Technical drawings are shown, and incorporated within the NOAs:

| NOA | Reg. No. | Title of Work |
| --- | --- | --- |
| 17-1115.04 | VA2-018-192 | Series 2400ST Alum. Sld. Glass Door L.M.I. – Design W01-75 |
| 21-0317.10 | VA2-018-180 | Series HP3060 Alum. Window Wall System S.M.I. – Design W04-25 |
| 21-0317.08 | VA2-018-167 | Series HP3070 Alum. Window Wall System L.M.I. – Design W03-115 |
| 21-0317.09 | VA2-018-182 | Series HP3070 Alum. Window Wall System S.M.I. – Design W04-26 |
| 21-0225.05 | VA2-018-188 | Series HP3060 Alum. Window Wall System L.M.I. – Design W03-108 |
| 17-1115.03 | VA2-018-191 | Series 2400ST Alum. Sld. Glass Door S.M.I. - Design W01-54 |

Tecnoglass' various Technical Drawing copyright registrations are referred to collectively as the "**Copyright Registrations.**" A copy of each registration is attached as **Composite Exhibit B**. For the sake of clarity, and to avoid confusion, the Copyright Registrations concern **only** the Technical Drawings, not the NOAs. However, the NOAs are necessarily based upon the Technical Drawings.

**C.   Tecnoglass' first lawsuit against RC Home.**

31.     On or about October 3, 2014, alleging improper use of, and misrepresentations regarding the ownership of, certain Tecnoglass NOAs, Tecnoglass sued RC Home in the Eleventh Judicial Circuit in and for Miami Dade County, Florida, in the matter styled: *Tecnoglass LLC v. RC Home Showcase, Inc., et al.*, Case No 14-25605-CA-40.

32.     Two months after filing the lawsuit, in December 2014, Tecnoglass and RC Home

entered into a mediated settlement agreement, under which RC Home was granted a limited license to use the NOAs for a period of six months.

### D. Tecnoglass' second lawsuit against RC Home and the 2018 Settlement Agreement.

33.     In or around September 2016, it came to Tecnoglass' attention that, once again, RC Home had improperly reproduced, distributed, or published Tecnoglass' Technical Drawings, which were incorporated into Tecnoglass' NOAs, and are a subject of Tecnoglass' Copyright Registrations. Specifically, RC Home lifted Tecnoglass' designs as set forth in the Technical Drawings, and incorporated the same into its own NOA submissions for RC Home products. RC Home then induced existing and prospective Tecnoglass customers to become RC Home's customers by offering products using the RC Home NOAs based on designs owned by Tecnoglass.

34.     As a result, on or about October 1, 2016, Tecnoglass initiated a second lawsuit against RC Home in the U.S. District Court for the Southern District of Florida, in the matter styled: *Tecnoglass, LLC v. RC Home Showcase, Inc.*, Case No. 16-24328-CIV-SCOLA.

35.     As with the first lawsuit, Tecnoglass and RC Home entered into a settlement agreement (the 2018 Settlement Agreement),[2] under which Tecnoglass on one hand and RC Home along with Manuhen Enterprises, Inc. ("**Manuhen**," together with RC Home, the "**Showcase Parties**") on the other hand agreed to certain terms and conditions concerning, *inter alia*:  (a) the validity of Tecnoglass' Copyright Registrations; (b) ownership of certain Tecnoglass intellectual property; (c) the Showcase Parties' limited license to use certain Tecnoglass intellectual property; (d) requirements for selling any of the Showcase Parties or assets thereof; and (e) repercussions

---

[2] Through the 2018 Settlement Agreement, Tecnoglass also resolved a lawsuit filed by Tecnoglass against RC Home's parent company, Manuhen Enterprises, Inc.., which was filed in the Eleventh Judicial Circuit in and for Miami Dade County, Florida and styled: *Tecnoglass, LLC, v. Manuhen Enterprises, Inc..* Case No. 18-032710.

DM2\16079480.1

for material breach of the 2018 Settlement Agreement.

36.     First, the parties identified, and acknowledged Tecnoglass' ownership of:  (a) NOAs Tecnoglass purchased from RC Aluminum (the "**Tecnoglass NOAs**"), (**Ex. A**, 2018 Settlement Agreement, Art. II at § F.); (b) the Copyright Registrations, which are owned by Tecnoglass, (*id.* at § H.); (c) all drawings of any type purchased by Tecnoglass from RC Aluminum (the "**Tecnoglass Drawings**"),[3] (*id.* at § I.); and (d) all intellectual property, in any form, purchased by Tecnoglass from RC Aluminum through the Acquisition Agreement (the "**Tecnoglass Intellectual Property**"). *Id.* § J.

37.     Second, the parties agreed that the Showcase Parties **cannot** "**challenge and/or infringe** upon [the Copyright Registrations] and/**or assist any third party** in **challenging** their **validity** or **infringing** upon the [Copyright Registrations]." *Id.* at Art. IV. (emphasis added).

38.     Third, the Showcase Parties were granted a limited license to use certain RC Home NOAs that contained Tecnoglass intellectual property, including Tecnoglass' Technical Drawings, to:  (a) complete projects already under contract, (*see, id.* at Art. VI.A.); and (b) bid on new projects for a one-year period. *Id.* at Art. VI.B.

39.     Fourth, the parties agreed that outside of the foregoing limited license, RC Home was not allowed to use any product approvals that "infringe upon the Tecnoglass Copyright [Registrations], the Tecnoglass Drawings, the Tecnoglass NOAs, and/or Tecnoglass Intellectual Property." *See*, *id.* at Art. VI.B.(ii).

40.     Fifth, in the event that "the Showcase Parties sell or attempt to sell assets which may include assets relevant to [the 2018] Settlement Agreement or sell RC Home []," the parties

---

[3] The Technical Drawings, as defined in this Complaint, are a subset of the Tecnoglass Drawings, as defined in the 2018 Settlement Agreement and herein.

agreed that the buyer in such circumstances must execute a written undertaking under which the buyer agrees to be bound by the terms of the 2018 Settlement Agreement. The parties further agreed that failure to obtain such an undertaking from the buyer is a material breach of the 2018 Settlement Agreement. *Id.* at Art. XXVIII.

41.     Sixth, the parties agreed that in the event of a Showcase Party breach:

  a.     Both the limited license and release in the 2018 Settlement Agreement automatically terminate and Tecnoglass is free to pursue all available remedies, (*id.* at Art. X);

  b.     Tecnoglass is **entitled to recover an additional $350,000.00** as and for liquidated damages, (*id.* (emphasis supplied)); and

  c.     Tecnoglass is also entitled to "obtain the entry of a **permanent injunction in the Federal Litigation prohibiting the Showcase Parties, their respective officers, agents, servants, employees, attorneys, and any other persons/entities who are in active concert or participation** with anyone described in Federal Rule Civil Procedure 65(d)(2)(A) or (B), from using the Tecnoglass (a) NOAs, (b) Drawings, (c) Intellectual Property, and/or (d) Copyright [Registrations] in any form, at any time, for any reason with the exception of the Common Extrusions." *Id.* (emphasis supplied).

42.     Seventh, the parties agreed that if Tecnoglass proves a breach, Tecnoglass is **not "required to prove the elements of injunctive relief to obtain said injunction."** *Id*. (emphasis supplied).

43.     Finally, the parties agreed that the prevailing party in any litigation to enforce the 2018 Settlement Agreement is entitled to reasonable attorneys' fees and costs. *Id*. at Art. XXII.

44.     Upon information and belief, after the 2018 Settlement Agreement, Paredes purchased RC Home, which per the terms of the 2018 Settlement Agreement required that Paredes agree to be bound by the terms of the 2018 Settlement Agreement. (*See*, *id*. at Art. XXVIII). Tecnoglass never received notice of that sale as required by Article XXVIII of the 2018 Settlement Agreement.

45.     As set forth below, Paredes, through and along with RC Home and BES, breached the 2018 Settlement Agreement by:  (a) assisting or facilitating BES in infringing on Tecnoglass' Copyright Registrations; and (b) assisting or facilitating RC Home to utilize Tecnoglass Drawings, Tecnoglass NOAs, and/or Tecnoglass Intellectual Property.

### E.  *Paredes (through BES) infringes on Tecnoglass' Copyright Registrations in connection with the 601 Washington Project.*

46.     In or around March 2022—well-after the expiration of any license granted in favor of RC Home pursuant to the 2018 Settlement Agreement—it came to Tecnoglass' attention that Paredes, through BES, improperly used Tecnoglass Drawings (including Technical Drawings), Tecnoglass NOAs, and/or Tecnoglass Intellectual Property to induce a Tecnoglass prospective customer to become BES' customer. Specifically, in connection with a construction project located at 601 Washington Avenue, Miami Beach, Florida (the "**601 Washington Project**"), Paredes, through BES:  (a) offered BES product based on designs (i.e., Technical Drawings) owned by Tecnoglass and the subject of Tecnoglass' Copyright Registrations; and (b) reproduced a Tecnoglass NOA, which use and reproduction are prohibited by the various settlement agreements.

47.     **First**, in BES' permit submissions for the 601 Washington Project, Paredes included a BES product that infringes on Tecnoglass' copyrighted Technical Drawings. To-wit, Paredes included BES product Series FX-3000, which infringes on Tecnoglass products Series HP-3070 W03-115 L.M.I. and Series HP-3070 W04-26 S.M.I. These Tecnoglass products are

11

protected by registered copyrights under U.S. Reg. Nos. VA2-018-167 and VA2-018-182, respectively.

48.     Upon information and belief, to avoid detection, Paredes purposefully did not seek to obtain an NOA for the Series FX 3000, but obtained an alternative product approval—a Florida Product Approval ("**FPA**").[4]

49.     **Second**, Paredes (through BES) literally reproduced Tecnoglass' NOA—which, again, includes Tecnoglass' copyrighted Technical Drawings—for Tecnoglass product Series 2400 ST W01-75 L.M.I., which includes Technical Drawings registered under U.S. Reg. No. VA2-018-192, and incorporated the same into BES' permit submissions for the 601 Washington Project.

50.     As a result of the foregoing, on March 1, 2022, Tecnoglass sent a Cease and Desist Notice to, *inter alia*, Paredes and BES demanding that BES and its affiliates cease and desist from using the NOAs for Tecnoglass' products Series HP-3070 W03-115 L.M.I., Series HP-3070 W04-26 S.M.I., and Series 2400 ST W01-75 L.M.I. A copy of Tecnoglass' March 1, 2022 cease and desist letter is attached as **Exhibit C**.

51.     Thereafter, Tecnoglass also became aware that, in connection with the 601 Washington Project, Paredes contacted the engineers for Tecnoglass' NOAs (the "**Engineers**") in order to request that they copy Tecnoglass' Technical Drawings and incorporate them into new NOA applications for BES. The Engineers refused the request and advised that the Technical Drawings were already in use and the exclusive property of Tecnoglass.

52.     Upon information and belief, despite Tecnoglass' March 1, 2022, Cease and Desist

---

[4] In the BES permit submission packages for the 601 Washington Project, Paredes also identified, but did not include, Tecnoglass NOAs for both Series HP-3070 L.M.I. and Series HP-3070 S.M.I.

Notice, and notice by the Engineers of the proprietary nature of the Tecnoglass designs, Paredes and BES continue to improperly use Tecnoglass Drawings (including Technical Drawings), Tecnoglass NOAs, and/or Tecnoglass Intellectual Property and infringe on Tecnoglass' Copyright Registrations.

### F.  BES and RC Home's Infringing Products.

53.    Since sending the March 1, 2022, Cease and Desist Notice, Tecnoglass discovered that in addition to BES' Series FX 3000, Paredes (through Co-Defendants BES and RC Home) has improperly sought and obtained product approvals for other products that infringe on Tecnoglass Intellectual Property.

54.    First, Paredes (through BES) applied for and obtained FPA approvals for the following BES products that improperly use Tecnoglass Drawings (including Technical Drawings), Tecnoglass NOAs, and/or Tecnoglass Intellectual Property, some of which also infringe on Tecnoglass' Copyright Registrations:

| BES Infringing Prod. | Infringing Approval # | Tecnoglass Prod. | Approval No. | Tecnoglass Copyright |
|---|---|---|---|---|
| Series "2519" Aluminum Sliding Glass Door (LMI/SMI) | FL # FL33510-R1 | Series "2400 ST" Aluminum Sliding Glass Door S.M.I. | NOA # 17-1115.03 | VA2-018-191 |
| Series "2519" Aluminum Sliding Glass Door (LMI/SMI) | FL # FL33510-R1 | Series "2400 ST" Aluminum Sliding Glass Door L.M.I. | NOA # 17-1115.04 | VA2-018-192 |
| Series "2519" Aluminum Sliding Glass Door (LMI/SMI) | FL # FL33510-R1 | Series "DM12" S.M.I. | NOA # 16-1027.02 | n/a |
| Series "2519" Aluminum Sliding Glass Door (LMI/SMI) | FL # FL33510-R1 | Series "DM12" L.M.I. | NOA # 19-0829.04 | n/a |
| Series "HR-2800" Aluminum Horizontal Sliding Window | FL # FL31167-R1 | Series "HR-2600" Aluminum Horizontal Sliding Window - S.M.I. | NOA # 20-1216.03 | n/a |
| Series "HR-2800" Aluminum Horizontal Sliding Window | FL # FL31167-R1 | Series "HR-2600" Aluminum Horizontal Sliding Window - L.M.I. | NOA # 20-1216.04 | n/a |

| Series "FX-3000" Aluminum Window Wall System | FL # FL24159-R1 | Series "HP-3070" Aluminum Window Wall System Design W03-115 L.M.I. | NOA # 21-0317.08 | VA2-018-167 |
|---|---|---|---|---|
| Series "FX-3000" Aluminum Window Wall System | FL # FL24159-R1 | Series "HP-3070" Window Wall System W04-26 S.M.I. | NOA # 21-0317.09 | VA2-018-182 |
| 500 Series Railing | n/a | 050M Railing | | n/a |

55.   **Second**, Paredes (through RC Home) applied for and obtained NOAs and updates for NOAs for the following RC Home products, which improperly use Tecnoglass Drawings, Tecnoglass NOAs, and/or Tecnoglass Intellectual Property:

| RC Home Infringing Prod. | Infringing Approval # | Tecnoglass Prod. | Approval No. | Copyright |
|---|---|---|---|---|
| RC Home "HS-660" Alum. Single Hung Window w/ or w/o Window Wall - L.M.I. | NOA # 21-0419.06 | Series 600Y-CA Aluminum Single Hung Window - L.M.I. | NOA # 20-1216.01 | n/a |
| RC Home "HS-660" Alum. Single Hung Window w/ or w/o Window Wall - S.M.I. | NOA # 21-0421.01 | Series 600Y-CA Aluminum Single Hung Window - S.M.I. | NOA # 20-1216.02 | n/a |

56.   The unauthorized use by RC Home NOAs constitutes a breach of the 2018 Settlement Agreement and, by virtue of the unauthorized reproduction, display, distribution and/or creation of derivative works of the Technical Drawings, copyright infringement.

### G.  Paredes' use of his entities as mere instrumentalities to carry out infringing conduct.

57.   As is highlighted by the 601 Washington Project, Paredes, by misappropriating Tecnoglass Drawings (including Technical Drawings) and misrepresenting such designs as belonging either to BES or RC Home, Paredes has been able to unfairly compete against Tecnoglass for construction projects and/or the sale of construction materials using Tecnoglass' own designs.

58.   Paredes has improperly utilized BES and RC Home to insulate himself from liability, avoid detection of his unlawful conduct, and avoid the consequences of breaching the

2018 Settlement Agreement.

59.     Upon information and belief:

a.      BES is owned wholly, or in majority, by Paredes and Paredes exerts complete control over BES;

b.      RC Home is also owned wholly, or in majority, by Paredes and Paredes exerts complete control over RC Home;

c.      Paredes has used BES as a mere instrumentality to carry out the copyright infringing conduct set forth in paragraphs 46-54; and

d.      Paredes has also used BES as a mere instrumentality to carry on RC Home's infringement of Tecnoglass NOAs, Tecnoglass Drawings (including Technical Drawings), Tecnoglass Copyright Registrations, and or the Tecnoglass Intellectual Property to avoid the terms and conditions of the 2018 Settlement Agreement.

60.     Tecnoglass has retained the undersigned as its attorney in this matter and agreed to pay them a reasonable fee for their services.

61.     All conditions precedent to bringing this action, if any, have occurred or have been performed, waived, or excused.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 106 and 501)**
***Against BES***

62.     Tecnoglass realleges all allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

63.     Tecnoglass owns the Copyrights Registrations for the Technical Drawings.

64.     BES infringed on Tecnoglass' Copyright Registrations in violation of sections 106

and 501 of the Copyright Act, as provided by 17 U.S.C. §§ 106 and 501, including Registration Numbers:

    a.    VA2-018-167 for the Tecnoglass Series "HP-3070" Aluminum Window Wall System Design W03-115 L.M.I.;

    b.    VA2-018-182 for the Tecnoglass Series "HP-3070" Window Wall System W04-26 S.M.I.;

    c.    VA2-018-191 for the Tecnoglass Series "2400 ST" Aluminum Sliding Glass Door S.M.I.; and

    d.    VA2-018-192 for the Tecnoglass Series "2400 ST" Aluminum Sliding Glass Door L.M.I..

65.    In respect of the 601 Washington Project, BES infringed on Tecnoglass' Copyright Registrations by:

    a.    Including BES product Series FX-3000 within its permit submission for the 601 Washington Project because the Series FX-3000 infringes on the Copyright Registrations for Tecnoglass products Series HP-3070 W03-115 L.M.I. and Series HP-3070 W04-26 S.M.I.; and

    b.    literally reproducing, and including within its permit submission for the 601 Washington Project, Tecnoglass' NOA for the Series 2400 ST W01-75 L.M.I., which includes Technical Drawings protected by Copyright Registration U.S. Reg. No. VA2-018-192.

66.    BES further infringed on Tecnoglass' Copyright Registrations by submitting applications for FPA approvals, as well as for FPA updated approvals of:

    a.    BES product Series "2519" Aluminum Sliding Glass Door (LMI/SMI,) which infringes on the Copyright Registrations associated with Tecnoglass products Series "2400 ST" Aluminum Sliding Glass Door S.M.I. and Series "2400 ST" Aluminum Sliding Glass Door L.M.I.; and

b.      BES product Series "FX-3000" Aluminum Window Wall System, which infringes on the Copyright Registrations associated with Tecnoglass products Series "HP-3070" Aluminum Window Wall System Design W03-115 L.M.I. and Series "HP-3070" Window Wall System W04-26 S.M.I.

67.     BES infringed on Tecnoglass' exclusive rights regarding the Technical Drawings, which are proprietary designs that serve as the basis for licensed NOAs for Tecnoglass' current and potential customers.

68.     BES' acts of infringement, including accessing, copying, creating derivative works, displaying, and distributing Tecnoglass' Technical Drawings, are willful, intentional and purposeful violations of Tecnoglass' Copyright Registrations.

69.     BES' copyright infringement has caused and will continue to cause irreparable harm to Tecnoglass.

70.     As a direct and proximate result of said infringement by BES, Tecnoglass is entitled to damages in an amount to be proven at trial.

71.     Tecnoglass is also entitled to BES' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust for such profits.

72.     In the alternative, and at Tecnoglass' election to be made any time prior to entry of final judgment, Tecnoglass is entitled to an award of statutory damages to be determined by the jury, up to a maximum amount of $150,000, as a result of BES's willful infringement of the Copyrighted Work, or up to a maximum amount of $30,000 if the jury determines Defendant's infringement was not willful, pursuant to 17 U.S.C. § 504(c).

73.     Tecnoglass is entitled to its full costs, including but not limited to professional fees incurred in enforcing its rights.

74.     As a direct and proximate result of the foregoing acts and conduct, Tecnoglass has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Tecnoglass is informed and believes and on that basis avers that unless enjoined and restrained by this Court, BES will continue to infringe Tecnoglass' Copyright Registrations. Tecnoglass is entitled to preliminary and permanent injunctive relief to restrain and enjoin BES' continuing infringing conduct.

**WHEREFORE**, Tecnoglass requests entry of judgment in its favor and against BES, as follows:

a.     That BES be found to have infringed Tecnoglass' Copyright Registrations;

b.     That pursuant to 17 U.S.C. § 504, BES be held liable for damages in such amount as may be found, or statutory damages as may be available at Tecnoglass' election, or damages or as otherwise permitted by law as a result of BES' copyright infringement;

c.     For an accounting of, and the imposition of a constructive trust, with respect to BES' profits attributable to its infringement of Tecnoglass' Copyright Registrations;

d.     For an order to destroy any and all copies of BES' documents found to infringe Tecnoglass' Copyright Registrations;

e.     For prejudgment interest allowable under the law;

f.     For Tecnoglass' attorneys' fees, costs, and disbursements; and

g.     For such other and further relief as the Court may deem just and proper.

## COUNT II
## <u>INJUNCTION AND TEMPORARY RESTRAINING ORDER</u>
### *Against BES*

75.     Tecnoglass realleges all allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

76.     This is an action in equity brought by Tecnoglass against BES for injunctive relief.

77.     As alleged in Count I, BES has infringed on Tecnoglass' Copyright Registrations and unless enjoined and restrained by this Court, BES will continue to infringe Tecnoglass' Copyright Registrations.

78.     Tecnoglass is the owner of the Tecnoglass Technical Drawings as incorporated in the NOAs, which NOAs are for the manufacture and sale of the glass window, door, and aluminum railing products listed above, a valuable property right.

79.     Aside from the limited license granted pursuant to the 2018 Settlement Agreement, which license has expired, Tecnoglass has never authorized BES to use the Tecnoglass NOAs, Tecnoglass Drawings (including Technical Drawings), and/or Tecnoglass Intellectual Property in BES' FPAs or otherwise.

80.     Tecnoglass has no adequate remedy at law regarding BES' unauthorized use of Tecnoglass NOAs, Tecnoglass Drawings (including Technical Drawings), and/or Tecnoglass Intellectual Property.

81.     Tecnoglass is suffering from irreparable injury, loss of good will, market confusion, loss of confidence by clients, and or client diversion as the result of BES' unauthorized use of Tecnoglass NOAs, Tecnoglass Drawings (including Technical Drawings), and/or Tecnoglass Intellectual Property within BES' bids for construction projects.

82.     Tecnoglass requests that BES immediately cease the unauthorized use of Tecnoglass NOAs, Tecnoglass Drawings (including Technical Drawings), and/or Tecnoglass Intellectual Property; and, Tecnoglass is willing to deposit a necessary bond, as may be required by the court for the issuance of a temporary injunction.

**WHEREFORE**, Tecnoglass requests entry of judgment in its favor and against BES, as follows:

a.      For entry of a temporary restraining order and a temporary and permanent injunction, prohibiting BES' unauthorized use of Tecnoglass NOAs, Tecnoglass Drawings, and or the Tecnoglass Intellectual Property;

b.      For a preliminary and permanent injunction prohibiting BES from using any NOA, FPA, or other product approval that is based upon drawings misappropriated from Tecnoglass NOAs, Tecnoglass Drawings, and/or the Tecnoglass Intellectual

Property; and

c.      For such other and further relief as the Court may deem just and proper.

**COUNT III**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**
***Against BES***

83.     Tecnoglass realleges all allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

84.     Tecnoglass has advantageous business relationships with its customers, including, without limitation, the owner and or contractor for the 601 Washington Project.

85.     BES, through Paredes, had knowledge of Tecnoglass' advantageous business relationship with its customer.

86.     In respect of the 601 Washington Project, BES tortiously interfered with Tecnoglass' business relationship through inducing Tecnoglass' customer to become BES' customer by:

a.      offering Tecnoglass product Series 2400 ST W01-75 L.M.I. to Tecnoglass' customer; and

b.      offering Tecnoglass' customer BES product Series FX-3000, which infringes on the Tecnoglass' Intellectual Property and Copyright Registrations protecting products Series HP-3070 W03-115 L.M.I. and Series HP-3070 W04-26 S.M.I.

87.     As a result, BES is wrongfully and tortiously soliciting, diverting and appropriating Tecnoglass' business relationships.

88.     BES' tortious conduct has caused and continues to damage Tecnoglass.

89.     In addition, the acts of BES complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Tecnoglass to suffer irreparable harm.

**WHEREFORE**, Tecnoglass, requests entry of judgment in its favor and against BES, as follows:

    a.    That BES be found to have tortiously interfered with Tecnoglass' advantageous business relationships;

    b.    For damages in an amount found to be due;

    c.    For prejudgment interest allowed under the law; and

    d.    For such other and further relief as the Court may deem just and proper.

**COUNT IV**
**BREACH OF CONTRACT**
***Against RC Home***

90.    Tecnoglass realleges all allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

91.    The 2018 Settlement Agreement is a valid and enforceable written agreement.

92.    RC Home breached the 2018 Settlement Agreement by applying for and obtaining NOAs and NOA updates beyond the licensing period set forth in the 2018 Settlement Agreement for the following RC Home products:

    i.    "HS-660" Alum. Single Hung Window w/ or w/o Window Wall - L.M.I., which improperly uses Tecnoglass Drawings, Tecnoglass NOAs, and/or Tecnoglass Intellectual Property associated with Tecnoglass products Series 600Y-CA Aluminum Single Hung Window - L.M.I.; and

    ii.    "HS-660" Alum. Single Hung Window w/ or w/o Window Wall - S.M.I., which improperly uses Tecnoglass Drawings, Tecnoglass NOAs, and/or Tecnoglass Intellectual Property associated with Tecnoglass products Series 600Y-CA Aluminum Single Hung Window - S.M.I.

93.    RC Home also breached the 2018 Settlement Agreement when, after RC Home was acquired by Paredes, and Paredes became bound to the 2018 Settlement Agreement, RC Homes

21

and Paredes facilitated BES' unauthorized use of Tecnoglass Drawings, Tecnoglass NOAs, Tecnoglass Intellectual Property, and/or Tecnoglass Copyright Registrations.

94.     As a direct and proximate result of RC Home's breaches of the 2018 Settlement Agreement, Tecnoglass has suffered and continues to suffer damages.

95.     Tecnoglass is entitled to the relief set forth in the 2018 Settlement Agreement including, without limitation:  (a) liquidated damages in an amount of $350,000.00; (b) entry of a permanent injunction prohibiting RC Home and its officers, agents, servants, employees, attorneys, and any other persons/entities who are in active concert or participation, including, without limitation, Paredes, from using Tecnoglass Drawings, Tecnoglass NOAs, Tecnoglass Intellectual Property, and/or infringing Tecnoglass Copyright Registrations in any form, at any time, for any reason; and (c) reasonable attorneys' fees and costs pursuant to Article XXII of the 2018 Settlement Agreement.

**WHEREFORE**, Tecnoglass requests entry of judgment in its favor and against RC Home, as follows:

   a.   That RC Home be found to have breached the 2018 Settlement Agreement;

   b.   For liquidated damages in an amount of $350,000.00;

   c.   For any additional damages found to be due;

   d.   For entry of a permanent injunction prohibiting RC Home and its officers, agents, servants, employees, attorneys, and any other persons/entities who are in active concert or participation, including, without limitation, Paredes, from using Tecnoglass Drawings, Tecnoglass NOAs, Tecnoglass Intellectual Property, and/or infringing Tecnoglass Copyright Registrations in any form, at any time, for any reason;

   e.   For all other relief provided for in the 2018 Settlement Agreement;

   f.   For attorneys' fees and costs pursuant to Article XXII of the 2018 Settlement Agreement;

   g.   For prejudgment interest allowable under the law; and

   h.   For such other and further relief as the Court may deem just and proper.

**COUNT V**
**BREACH OF CONTRACT**
*Against Paredes*

96.    Tecnoglass realleges all allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

97.    The 2018 Settlement Agreement is a valid and enforceable written agreement.

98.    Upon information and belief, Paredes acquired RC Home after the 2018 Settlement Agreement became effective, and Paredes is bound by its terms.

99.    Paredes breached the 2018 Settlement Agreement when, after becoming bound to the agreement, Paredes facilitated:

  a.    BES' unauthorized use of Tecnoglass Drawings, Tecnoglass NOAs, Tecnoglass Intellectual Property, and/or Tecnoglass Copyright Registrations; and

  b.    RC Home's breaches of the 2018 Settlement Agreement as set forth in Count IV, which is incorporated herein by reference.

100.    As a direct and proximate result of Paredes' breaches of the 2018 Settlement Agreement, Tecnoglass has suffered and continues to suffer damages.

101.    Tecnoglass is entitled to the relief set forth in the 2018 Settlement Agreement including, without limitation:  (a) liquidated damages in an amount of $350,000.00; (b) entry of a permanent injunction prohibiting Paredes and any other persons/entities who are in active concert or participation, including, without limitation, BES and RC Home, from using Tecnoglass Drawings, Tecnoglass NOAs, Tecnoglass Intellectual Property, and/or infringing Tecnoglass Copyright Registrations in any form, at any time, for any reason; and (c) reasonable attorneys' fees and costs pursuant to Article XXII of the 2018 Settlement Agreement.

**WHEREFORE**, Tecnoglass requests entry of judgment in its favor and against Paredes,

as follows:

    a.     Paredes be found to have breached the 2018 Settlement Agreement;

    b.     For liquidated damages in an amount of $350,000.00;

    c.     For any additional damages found to be due;

    d.     For entry of a permanent injunction prohibiting Paredes and any other persons/entities who are in active concert or participation, including, without limitation, BES and RC Home, from using Tecnoglass Drawings, Tecnoglass NOAs, Tecnoglass Intellectual Property, and/or Tecnoglass Copyright Registrations in any form, at any time, for any reason;

    e.     For all other relief provided for in the 2018 Settlement Agreement;

    f.     For attorneys' fees and costs pursuant to Article XXII of the 2018 Settlement Agreement;

    g.     For prejudgment interest allowable under the law; and

    h.     For such other and further relief as the Court may deem just and proper.

**COUNT VI**
**INJUNCTION AND TEMPORARY RESTRAINING ORDER**
***Against Paredes***

102.    Tecnoglass realleges all allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

103.    This is an action in equity brought by Tecnoglass against Paredes for injunctive relief.

104.    As alleged in paragraphs 57 through 59, Paredes used BES as a mere instrumentality for the purpose of infringing on Tecnoglass' Copyright Registrations, and to avoid the consequences of the 2018 Settlement Agreement. Unless enjoined and restrained by this Court, Paredes will continue to carry on this unlawful conduct.

105.    Tecnoglass is the owner of Technical Drawings as incorporated in the NOAs, which NOAs are for the manufacture and sale of the glass window, door, and aluminum railing products listed above, a valuable property right.

106.    Tecnoglass has never authorized Paredes or BES to use the Tecnoglass NOAs,

24

Tecnoglass Drawings (including Technical Drawings), or Tecnoglass Intellectual Property in BES' FPAs or otherwise.

107.    Tecnoglass has no adequate remedy at law regarding Paredes' unauthorized use of Tecnoglass NOAs, Tecnoglass Drawings (including Technical Drawings), and/or Tecnoglass Intellectual Property.

108.    Tecnoglass is suffering from irreparable injury and loss of good will as the result of Paredes' unauthorized use of Tecnoglass NOAs, Tecnoglass Drawings (including Technical Drawings), and/or Tecnoglass Intellectual Property within BES' bids for construction projects.

109.    Tecnoglass requests that Paredes immediately cease the unauthorized use of Tecnoglass NOAs, Tecnoglass Drawings (including Technical Drawings), and Tecnoglass Intellectual Property; and, Tecnoglass is willing to deposit a necessary bond, as may be required by the court for the issuance of a temporary injunction.

**WHEREFORE**, Tecnoglass, requests entry of judgment in its favor and against Paredes, as follows:

a.    For entry of a temporary restraining order and a temporary and permanent injunction, prohibiting Paredes and any entities over which Paredes exerts control from any unauthorized use of Tecnoglass NOAs, Tecnoglass Drawings, and/or Tecnoglass Intellectual Property;

b.    For a preliminary and permanent injunction prohibiting Paredes and any entities over which Paredes exerts control from using any NOA, FPA or other product approval that is based upon drawings misappropriated from Tecnoglass NOAs, Tecnoglass Drawings, and/or Tecnoglass Intellectual Property;

c.    For such other and further relief as the Court may deem just and proper.

## COUNT VII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP
### *Against Paredes*

110.    Tecnoglass realleges all allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

111.    Tecnoglass has advantageous business relationships with its customers, including, without limitation, the owner and or contractor for the 601 Washington Project.

112.    Paredes has knowledge of Tecnoglass' advantageous business relationship with its customer.

113.    In respect of the 601 Washington Project, Paredes tortiously interfered with Tecnoglass' business relationship through inducing Tecnoglass' customer to become a BES customer by:

      a.     literally offering Tecnoglass product Series 2400 ST W01-75 L.M.I. to Tecnoglass' customer; and

      b.     offering Tecnoglass' customer BES product Series FX-3000, which infringes on the Tecnoglass products Series HP-3070 W03-115 L.M.I. and Series HP-3070 W04-26 S.M.I.

114.    As a result, Paredes is wrongfully and tortiously soliciting, diverting and appropriating Tecnoglass' business relationships.

115.    Paredes' tortious conduct has caused and continues to damage Tecnoglass.

116.    In addition, the acts of Paredes complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Tecnoglass to suffer irreparable harm.

**WHEREFORE**, Tecnoglass, requests entry of judgment in its favor and against Paredes, as follows:

      a.     That Paredes be found to have tortiously interfered with Tecnoglass' advantageous business relationships;

      b.     For damages in an amount found to be due;

      c.     For prejudgment interest allowable under the law; and

      d.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 27th day of July, 2022.

                                        **DUANE MORRIS LLP**

By: s/ Phillip M. Hudson
      Phillip M. Hudson III, Esq.
      Florida Bar No. 518743
      pmhudson@duanemorris.com
      Michael J. Shuman, Esq.
      Florida Bar No. 17053
      mjshuman@duanemorris.com
      John I. Criste, Jr., Esq.
      Florida Bar No. 0117499
      jicriste@duanemorris.com
      201 S. Biscayne Blvd., Ste. 3400
      Miami, Florida 33131
      Tel: 305-960-2200

      *Counsel for Plaintiff*