UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1: 22-cv-22356-KMM

TECNOGLASS LLC,
*a Florida limited liability company*,

    Plaintiff,

v.

EUSEBIO PAREDES, *et al.*,

    Defendants.
_____/

# ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff's Verified Motion for Preliminary Injunction and Supporting Memorandum of Law. ("Motion" or "Mot") (ECF No. 17). Therein, Plaintiff requests that the Court issue an order entering a preliminary injunction against Defendants Eusebio Paredes, Building Envelope Systems, Inc., and RC Home Showcase, Inc. ("RC Home") which "[p]rohibit[s] the Defendants . . . from infringing upon Tecnoglass' Copyright Registrations, and improperly utilizing Tecnoglass NOAs, Tecnoglass Drawings, and Technical Drawings," and requires Defendants to "destroy any and all copies" of documents which "infringe upon Tecnoglass' Copyright Registrations" or "improperly utilize" the above Tecnoglass materials. *See id.* at 22. The matter was referred to the Honorable Lauren Fleischer Louis, United States Magistrate Judge. (ECF No. 23). Magistrate Judge Louis held an evidentiary hearing on the Motion on November 17–18, 2022, at which both Parties appeared to argue their positions. *See* (ECF No. 46); R&R at 5. On December 30, 2022, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 62), recommending that the Motion be GRANTED. No

objections to the R&R were filed, and the time to do so has now passed.[1] The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In her Report and Recommendation, Magistrate Judge Louis concludes that: (1) the protected intellectual property at issue includes only Plaintiff's Technical Drawings and Copyright registrations, *see* R&R at 6; (2) Plaintiff has demonstrated a substantial likelihood of success on the merits in that it has shown a substantial likelihood of establishing both "ownership of a valid

---

[1] All Defendants were originally represented in this action by Robert P. Frankel of the Law Offices of Robert P. Frankel, P.A. *See* (ECF No. 11). On December 28, 2022, this Court granted Mr. Frankel's Motion to Withdraw as Counsel for Defendants (ECF No. 58) due to Mr. Frankel's citing "irreconcilable differences." (ECF No. 59). In the same Order, the Court ordered the Defendants to "advise this Court on or before January 26, 2022 of their new counsel." *Id.* Defendants failed to do so and the Court therefore ordered the entry of default against them. (ECF Nos. 72–74). Defendants were notified of the default at their last known addresses. *See* (ECF No. 74).

copyright" and Defendants' "copying of constituent elements of the work that are original," *see id.* at 6–11; (3) Plaintiff has shown that it will suffer "irreparable harm to its reputation, goodwill and brand" if injunctive relief is not granted, *see id.* at 11–12; (4) the threatened injury to Plaintiff stemming from continued infringement outweighs the potential harm of injunctive relief to Defendants, *see id.* at 12–13; (5) it is in the public's interest to issue injunctive relief, *id.* at 13; and (6) the Court should therefore grant Plaintiff's Motion and commensurately require Plaintiff to post a security bond in the amount of $10,000.00, *id.* at 13–14.  This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 62) is ADOPTED.  Plaintiff's Motion (ECF No. 17) is GRANTED.

It is further ORDERED that:

1. As to Plaintiff Tecnoglass, LLC's claim against Defendant RC Home for breach of contract, RC Home, and its parent companies, affiliates, agents, servants, employees, officers, successors, licensees, assigns, and all persons and entities acting in concert or participating with each or any of them, including, without limitation, BES Associates, Corp. ("BES, Corp."), Defendant Building Envelope Systems, Inc. ("BES, Inc."), and Defendant Eusebio Paredes, be preliminarily enjoined from directly or indirectly engaging in the following conduct:

    a. Challenging, or assisting any third party in challenging, Tecnoglass' Copyright Registrations, as that term is defined in Article II(H) of the 2018 Settlement Agreement;

    b. Infringing, or assisting any third party in infringing, on Tecnoglass' Copyright Registrations;

c. Using, in any way, Tecnoglass Drawings, as defined in Articles II(F), (J), (I), respectively, of the 2018 Settlement Agreement, excluding only Common Extrusions, as defined by Article II(K) of the 2018 Settlement Agreement, which RC Home, BES, and Paredes may continue to use; and,

d. Using, in any way, all technical drawings for the following products:[2]

  i. Tecnoglass Series 2400 ST Aluminum Sliding Glass Door (SMI) ("Tecnoglass 2400 SMI"), which technical drawings are included in NOA No. 17-1115.03, and are protected by Copyright Registration No. VA2-018-191;

  ii. Tecnoglass Series 2400 ST Aluminum Sliding Glass Door (LMI) ("Tecnoglass 2400 LMI"), which technical drawings are included in NOA No. 17-1115.04, and are protected by Copyright Registration No. VA2-018-192;

  iii. Tecnoglass Series HP-3070 Aluminum Window Wall System (LMI) ("Tecnoglass 3070 LMI"), which technical drawings are included in NOA No. 21-0317.08, and are protected by Copyright Registration No. VA2-018-167; and

  iv. Tecnoglass Series HP-3070 Aluminum Window Wall System (SMI) ("Tecnoglass 3070 SMI"), which technical drawings are included in NOA No. 21-0317.09, and are protected by Copyright Registration No. VA2-018-182;

  v. BES, Inc., Series 2519 Aluminum Sliding Glass Door (LMI and SMI) ("BES 2519"), which technical drawings are included in FPA No. 33510-R1, and

---

[2] Including the use of any Miami Dade County Notice of Acceptances ("NOA") or Florida Product Approvals ("FPA") if such NOAs or FPAs contain Plaintiff's Technical Drawings.

    which this Court finds are essentially identical to technical drawings for Tecnoglass 2400 LMI and Tecnoglass 2400 SMI; and

  vi. BES, Inc., Series FX-3000 Aluminum Window Wall System (LMI and SMI) ("BES FX 3000"), which technical drawings are included in FPA No. 24159-R1, and which this Court finds are essentially identical to technical drawings for Tecnoglass 3070 LMI and Tecnoglass 3070 SMI.

2. As to Plaintiff's claim for copyright infringement, and for preliminary injunctive relief, BES, Inc., and its parent companies, affiliates, agents, servants, employees, officers, successors, licensees, assigns, and all persons and entities acting in concert or participating with each or any of them, including, but not limited to, BES, Corp., RC Home, and Paredes, be preliminarily enjoined from directly or indirectly using, in any way, Miami Dade County NOAs or FPAs, if such NOAs or FPAs contain Plaintiff's Technical Drawings, for the following products:

 a. Tecnoglass 2400 SMI, which technical drawings are included in NOA No. 17-1115.03, and are protected by Copyright Registration No. VA2-018-191;

 b. Tecnoglass 2400 LMI, which technical drawings are included in NOA No. 17-1115.04, and are protected by Copyright Registration No. VA2-018-192;

 c. Tecnoglass 3070 LMI, which technical drawings are included in NOA 21-0317.08, and are protected by Copyright Registration No. VA2-018-167;

 d. Tecnoglass 3070 SMI, which technical drawings are included in NOA 21-0317.09, and are protected by Copyright Registration No. VA2-018-182;

 e. BES 2519, which technical drawings are included in FPA No. 33510-R1, and which this Court finds are essentially identical to technical drawings for Tecnoglass 2400 LMI and Tecnoglass 2400 SMI; and

    f. BES FX 3000, which technical drawings are included in FPA No. 24159-R1, and which this Court finds are essentially identical to technical drawings for Tecnoglass 3070 LMI and Tecnoglass 3070 SMI.

3. This Preliminary Injunction shall take effect immediately and remain in effect pending trial in this action or further order of this Court.

4. Plaintiff is ORDERED to file proof of bond or make other adequate provision for a bond in the amount of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00) within seven days of this Order. The Bond shall serve as security for all claims with respect to this Preliminary Injunction, and any additional injunctive relief ordered in this action.

    DONE AND ORDERED in Chambers at Miami, Florida, this *31st* day of January, 2023.

                                         K. MICHAEL MOORE
                                         UNITED STATES DISTRICT JUDGE

c: All counsel of record