## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22356-KMM

TECNOGLASS, LLC,

      Plaintiff,

v.

EUSEBIO PAREDES, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff Tecnoglass, LLC's Motion for Final Judgment and Related Relief, Motion for Award of Attorneys' Fees, and Costs. (ECF No. 109). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Judge regarding the issues of damages and attorney's fees and costs. (ECF No. 110). Defendants filed a response. (ECF No. 111). Plaintiff filed a Notice of Election Not to File Reply. (ECF No. 113). Upon consideration of the Motion, Response, the record as a whole, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED, in part**, and **DENIED, in part**.

## I.      BACKGROUND

Plaintiff Tecnoglass, LLC ("Tecnoglass") alleged that Defendants Eusebio Paredes ("Paredes"), Building Envelope Systems, Inc. ("BES"), and RC Home Showcase, Inc. ("RC

1

Home") willfully infringed upon Plaintiff's intellectual property.[1]  Plaintiff manufactures and sells various windows, sliding glass doors, window wall systems, and related products used in the residential and commercial construction industries in North, Central, and South America.

Non-party RC Aluminum Industries, Inc. ("RC Aluminum") similarly sold and manufactured window and sliding glass doors for use in residential and construction settings.  As part of its business, RC Aluminum developed and owned intellectual property rights extending to Miami-Dade Notices of Acceptance ("NOAs"), technical drawings, and various copyrights relating to windows, sliding glass doors, and window wall systems.  In November 2013, Plaintiff purchased RC Aluminum's intellectual property rights, including RC Aluminum's technical drawings and NOAs.

Defendant Paredes was a principal and owner of RC Aluminum from 1996 to January 2014.  From approximately 2003 to October 2013, Paredes was a minority owner of RC Home, which was an affiliate of RC Aluminum.  RC Home is a small enterprise that primarily designs and manufactures sliding glass doors, windows, glass railings, and storefronts.  Paredes left RC Home to form BES, a subcontractor for construction projects in South Florida.  Eventually, Paredes reacquired RC Home between the Fall of 2020 and Spring of 2021.

In October 2014, Tecnoglass filed suit against RC Home for alleged licensing and royalty issues involving the RC Aluminum intellectual property that Tecnoglass acquired in 2013.  *Tecnoglass LLC v. RC Home Showcase, Inc., et al.*, Case No. 14-25605-CA-40 (Fla. Cir. Ct.).  In December 2014, the parties entered into a negotiated settlement agreement (the "2014 Settlement Agreement").  In 2016, Tecnoglass filed suit in federal court against RC Home alleging improper reproduction, distribution, and/or publishing of its technical drawings; and to enforce the 2014

---

[1]  The undersigned recites the facts as found by the District Court in its Order on Plaintiff's Motion for Summary Judgment, (ECF No. 104).

Settlement Agreement.   Subsequently, Tecnoglass and RC Home entered into a settlement agreement outlining Plaintiff's ownership of the intellectual property and restricting RC Home's use of Plaintiff's copyrights relating to technical drawings, (the "2018 Settlement Agreement"). *Tecnoglass, LLC v. RC Home Showcase, Inc.*, No. 16-cv-24328 (S.D. Fla. Dec. 21, 2018).

Plaintiff commenced the instant action by filing a seven-count Complaint.[2]   Plaintiff alleged that Defendants used Plaintiff's technical drawings, NOAs, and/or intellectual property in a project at 601 Washington Avenue, Miami Beach, Florida ("the 601 Washington Project"). Plaintiff also asserted that Defendants RC Home and Paredes breached the 2018 Settlement Agreement by challenging Plaintiff's ownership of its intellectual property in violation of the contract.   Plaintiff moved for summary judgment on Count I, alleging copyright infringement against BES; Counts II and VI, requesting a permanent injunction against Defendants BES and Paredes respectively; and Count IV, alleging breach of contract against RC Home.   The District Court granted Plaintiff's Motion for Summary Judgment, finding in favor of Plaintiff on Counts I, II, IV, and VI.   Plaintiff then filed an Amended Complaint removing its remaining claims, Counts III, V, and VII.   (ECF No. 107).

Plaintiff now moves for entry of final judgment, permanent injunctive relief, monetary damages, and attorney's fees and costs.   The undersigned has been referred the issues of damages and attorney's fees and costs contained in Plaintiff's Motion.[3]

---

[2]  Plaintiff asserted the following claims: Count I, copyright infringement against BES, in violation of 17 U.S.C. §§ 106 and 501; Count II, a request for the entry of injunctive relief against BES; Count III, tortious interference with business relationship against BES; Count IV, breach of contract against RC Home, with respect to the 2018 Settlement Agreement; Count V, breach of contract against Paredes with respect to the 2018 Settlement Agreement; Count VI, injunction and temporary restraining order against Paredes; and Count VII, tortious interference with business relationship against Paredes.

[3]  Accordingly, the undersigned does not address the request for final judgment and permanent injunctive relief as set out in Plaintiff's Motion.

## II.    DISCUSSION

### A.    Damages

Plaintiff moves for statutory damages against BES in the amount of $600,000.00 for its claim for copyright infringement, pursuant to Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c).  Plaintiff further moves for liquidated damages against RC Home, in the amount of $350,000.00, for its claim for breach of the 2018 Settlement Agreement.

### 1.    Copyright Infringement

Section 504(c) of the Copyright Act provides that, once a plaintiff has established the infringement of its copyrighted work, a plaintiff may elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" for each work.  17 U.S.C. § 504(c)(1).  The plaintiff may make its election between actual and statutory damages "at any time before final judgment is rendered."  *Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997) (quoting 17 U.S.C. § 504(c)).  Where a plaintiff demonstrates "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000" per work.  17 U.S.C. § 504(c)(2).

In its Motion, Plaintiff has elected statutory damages under Section 504(c).  Plaintiff seeks the maximum possible award of $150,000.00 per copyright violation in this case.  Plaintiff asserts that the record contains sufficient evidence to support this request for the four works identified in its Motion for Summary Judgment.[4]  In its Order granting the Motion for Summary Judgment (ECF No. 104), the District Court first found that Plaintiff owned each of the copyright

---

[4]  BES violated U.S. Reg. No. VA2-018-192 for Tecnoglass Series 2400 ST Aluminum Sliding Glass Door L.M.I. ("Tecnoglass 2400 LMI"); U.S. Reg. No. VA2-018-191 for Tecnoglass Series 2400 ST Aluminum Sliding Glass Door S.M.I. ("Tecnoglass 2400 SMI"); U.S. Reg. No. VA2-018-167 for Tecnoglass Series HP-3070 Aluminum Window Wall System L.M.I. ("Tecnoglass 3070 LMI"); and U.S. Reg. No. VA2-018-182 for Tecnoglass Series HP-3070 Aluminum Window Wall System S.M.I. ("Tecnoglass 3070 SMI").

registrations, with no dispute from Defendants as to Plaintiff's ownership.  (*Id.* at 6).  The District Court further found that BES had access to Plaintiff's copyrighted materials through Paredes.  (*Id.* at 7).  The Court noted that Plaintiff's expert, Javad Ahmad, confirmed the substantial similarity of each alleged copyright infringement, and that Defendants' arguments failed to meaningfully rebut Plaintiff's evidence.  (*Id.* at 8).

Defendants assert that the award of damages should not exceed $750.00 per violation, Section 504(c)'s minimum award.  Defendants observe that Plaintiff has not attempted to demonstrate that Plaintiff has been damaged by the infringement, and argue Plaintiff could not do so because it has not suffered any damages.  Defendants argue that BES's infringement was not willful.  Defendants contends that the prior litigation surrounding the copyrights at issue does not demonstrate BES willfully infringed because Paredes was not associated with RC Home during the prior litigation.  Defendants further assert that, after Plaintiff sent its Cease-and-Desist Notice, BES immediately notified Plaintiff that it was then using Plaintiff's copyrighted materials but would not do so in the future.  Defendants contend that BES did not further infringe on Plaintiff's copyrights after receiving the Cease-and-Desist Notice.

"The Court has substantial discretion to enter a damages award within [the] statutory limits."  *Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, No. 20-81307-CIV, 2021 WL 2823270, at *2 (S.D. Fla. July 7, 2021); *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).  "In calculating damages, courts generally consider: (1) the infringers' blameworthiness (willful, knowing, or innocent); (2) the expenses saved and the profits reaped by the defendants in connection with the infringement; (3) the revenues lost by the plaintiffs due to the defendants' conduct; and (4) the deterrent value of the damages imposed." *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014); *see also*

*Broad. Music, Inc. v. Cool Hand Ent., LLC*, No. 8:15-CV-289-T-36TBM, 2017 WL 11629335, at *3 (M.D. Fla. Oct. 30, 2017); *Walt Disney Co. v. Video 47, Inc.*, 972 F. Supp. 595, 603 (S.D. Fla. 1996); *Affordable Aerial Photography, Inc.*, 2021 WL 2823270, at *2.  As noted above, the Court may increase statutory damages on the ground that the infringement was willful.  "[W]hen the infringement is willful, 'deterrence of future violations is a legitimate consideration' because 'defendants must not be able to sneer in the face of copyright owners and copyright laws.'" *Cable/Home Commc'n Corp.*, 902 F.2d at 851.

As for the infringer's blameworthiness, "[t]o prove an infringement was 'willful' under the Copyright Act, a plaintiff must show (1) the defendant knew its conduct was infringing; or (2) the defendant's actions were the result of either a reckless disregard or willful blindness to the prospect that the conduct was infringing." *Joe Hand Promotions, Inc. v. Phillips*, No. 19-21723-CIV, 2020 WL 3404964, at *2 (S.D. Fla. June 19, 2020).  "Further, knowledge and willfulness of the infringement need not be proven directly but may be inferred from a defendant's conduct." *Id.*; *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005) ("[E]ven in the absence of evidence establishing the infringer's actual knowledge of infringement, a plaintiff can still prove willfulness by proffering circumstantial evidence that gives rise to an inference of willful conduct.").

Though Defendants argue generally that the discretionary factors above weigh against an enhanced award here, the Parties' most fervently dispute whether the evidence supports a finding that the infringement was willful.

As Plaintiff notes, Defendants made material admissions in response to Plaintiff's Statement of Undisputed Facts at summary judgment that bear on a finding of willfulness.  Paredes admitted that the NOAs for Tecnoglass 2400 LMI and Tecnoglass 2400 SMI were included in a

permit submission for the 601 Washington Project, and that he did not have the authority to submit them. In response, Defendants solely disputed that it was Defendant BES who submitted the permit submission for the 601 Washington Project, which included the copyrighted materials, averring that it was non-party BES Associates, Corp.[5] that caused the submission. Paredes further admitted that the BES Series FX 3000 infringed on the technical drawings for Tecnoglass 3070 LMI and Tecnoglass 3070 SMI, and that BES submitted its Series FX 3000 in its permit submission for the 601 Washington Project. These admissions are further not disputed or rebutted by Defendants in response to the instant Motion. The undisputed facts before the undersigned demonstrate that BES, through Paredes, knowingly infringed Plaintiff's copyrighted materials, and thus support a finding of willful infringement.

While Defendants do not dispute the above, Defendants instead argue that Plaintiff's prior litigation with RC Home does not demonstrate BES willfully infringed because Paredes was not affiliated with RC Home during those prior lawsuits. It is not disputed that Paredes was not affiliated with RC Home during the prior lawsuits. However, the Court notes that Paredes was a principal and owner of RC Aluminum in November 2013 when Plaintiff purchased RC Aluminum's intellectual property rights, including RC Aluminum's technical drawings and NOAs. Accordingly, Paredes was aware of the intellectual property rights at issue in this case and that they were sold to Tecnoglass. Solely because Paredes was not affiliated with RC Home during the litigation does not rebut Paredes' knowledge of the intellectual property rights through RC Aluminum, as a principal and owner, and does not impact the finding that the infringement in this case was willful.

---

[5] Both BES and BES Associates, Corp. are utilized by Paredes to transact business, but Paredes asserts that he did not utilize the entities simultaneously. Instead, Paredes asserts that he utilized BES until it was dissolved and currently uses BES Associates, Corp.

Defendants further assert that the infringement cannot be deemed willful because once BES received Plaintiff's Cease-and-Desist Notice, BES immediately acknowledged it was currently using and would stop using Plaintiff's intellectual property. Defendants contend that BES did not pass the matter of infringement as a nuisance and made sure not to use Plaintiff's intellectual property further. Here, Defendants' proffer that BES immediately notified Plaintiff it would not further infringe Plaintiff's intellectual property is not substantiated by any evidence. This proffer also does not meaningfully rebut that the infringement was willful, as demonstrated by Defendants' own admissions. However, BES's proffered halt of any infringement, which is unrebutted by Plaintiff who elected to not reply, does somewhat lessen the Court's concern of future violations and the need for deterrence in assessing an award of statutory damages. As such, an award of $150,000.00 per violation, which is Section 504(c)'s maximum award and Plaintiff's request, would not be warranted.

Nor would the minimum award, urged by Defendants, be adequate or sufficient to ensure Defendants do not "reap a benefit from [BES's] violation of the copyright laws." *See Joe Hand Promotions, Inc.*, 2020 WL 3404964, at *3 ("In determining the amount of statutory damages, it is important that an infringer not reap a benefit from its violation of the copyright laws and that statutory damages should exceed the unpaid license fees so that a defendant will be put on notice that it costs less to obey the copyright laws than to violate them.") (alterations omitted).

Regarding the expenses saved and profits reaped by BES and revenues lost by Plaintiff as a result of the infringement, Plaintiff has not provided any specific amounts to assist the Court in determining the appropriate award of statutory damages. However, Plaintiff demonstrated, and the District Court held, that BES infringed Plaintiff's copyrighted materials in including said materials in BES's permit submission for the 601 Washington Project. Thus, a benefit was

conferred on BES by its infringement.  For revenues lost, and as Defendants note, Plaintiff has not argued how it has been damaged by the infringement in the instant Motion.  However, the evidence in the record regarding Plaintiff's damages includes the District Court observing at summary judgment that Plaintiff's assertion "Defendants' use of [Plaintiff's] NOAs in the 601 Washington Project has [ ] harmed Plaintiff's reputation and goodwill" was unrebutted by Defendants.  (ECF No. 104 at 12).

Beyond a finding that the minimum and maximum awards are not appropriate in this case, "[b]efore me is a paucity of information on which to base the award of statutory damages." *Peer Int'l Corp. v. Luna Recs., Inc.*, 887 F. Supp. 560, 568 (S.D.N.Y. 1995) (finding that substantial statutory damages are warranted to deter defendant from future misconduct, but "mindful, however, of the small amount of actual damages suffered by plaintiffs, of the hardship to defendant personally, and of the liability [defendant] continues to face" in awarding $40,000).  "'[S]tatutory damages are not intended to provide a plaintiff with a windfall recovery." *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1313 (M.D. Fla. 2008).  While statutory damages "should bear some relationship to the actual damages suffered," *id.*, Plaintiff has failed to provide any evidence to base the award of statutory damages on, beyond the argument that Defendants' conduct warrants maximum enhanced statutory damages.

Accordingly, to ensure Defendants do not reap a benefit from the violations and Plaintiff does not receive a windfall recovery, the undersigned **RECOMMENDS** that Plaintiff be awarded **$31,000.00** in damages for each violation, totaling **$124,000.00**, against BES for willful infringement of Plaintiff's copyrighted materials.  *See Clever Covers, Inc.,* 554 F. Supp. 2d at 1312–13 (recommending $31,000 per infringed copyright against a defaulting defendant when the plaintiff requested $150,000 but did not provide evidence of lost sales, profit, or licensing fees);

*Peer Int'l Corp.*, 887 F. Supp. at 568–69 (limiting award of statutory damages to between $10,000 and $25,000 per infringement at summary judgment when parties did not provide the court with an estimate of the fair market value of the rights infringed, revenues lost by the plaintiffs, nor the profits gained by the defendant); *Breaking Glass Pictures, LLC v. Devora*, No. 2:13-CV-331-FTM-38, 2015 WL 1020343, at *3 (M.D. Fla. Mar. 9, 2015) (awarding $6,000 in statutory damages, based on an inference of willfulness, noting that "[plaintiff] failed to provide any evidence of its own lost sales, profits, or licensing fees as a result of the infringement" after plaintiff requested $150,000.00 in statutory damages); *Bait Prods. Pty Ltd. v. Murray*, No. 8:13-CV-0169-T-33AEP, 2013 WL 4506408, at *6–7 (M.D. Fla. Aug. 23, 2013) (awarding $25,000 in statutory damages against a defaulting defendant when plaintiffs failed to provide any evidence of their own lost sales, profits, or licensing fees as a result of the infringement or evidence of defendant's expenses saved or profits generated); *Peer Int'l Corp. v. Max Music & Ent., Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (noting that, in the Second Circuit, "the maximum statutory penalty is rarely awarded for copyright infringement, and in most cases only where a party is found to have deliberately ignored a court decision indicating that the party's conduct constituted infringement," and recommending $30,000 be awarded in statutory damages against defaulting defendants).

## 2. Breach of the 2018 Settlement Agreement

Plaintiff seeks $350,000.00 in liquidated damages against RC Home pursuant to Article XI of the 2018 Settlement Agreement. The 2018 Settlement Agreement reads as follows:

> In the event of a material breach by the Showcase Parties that remains uncured after expiration of the five day cure period set forth above, the Parties agree that in addition to any unpaid sums due under Paragraph V of this Settlement Agreement, Tecnoglass shall be entitled to recover an additional $350,000 as and for liquidated damages. The right to liquidated damages is not exclusive of, or instead of, Tecnoglass's right to obtain the entry of a permanent injunction in the Federal

Litigation prohibiting the Showcase Parties, their respective officers, agents, servants, employees, attorneys, and any other persons/entities who are in active concert or participation with anyone described in Federal Rule Civil Procedure 65(d)(2)(A) or (B), from using the Tecnoglass (a) NOAs, (b) Drawings, (c) Intellectual Property, and/or (d) Copyrights in any form, at any time, for any reason with the exception of the Common Extrusions. In order to effectuate this process, Tecnoglass shall file a verified motion to enforce this Settlement Agreement attesting to the default consistent with this Settlement Agreement. The Showcase Parties shall be entitled to notice and an opportunity to be heard before any such injunction may issue. The Showcase Parties acknowledge that Tecnoglass shall be entitled to the entry of permanent injunctive relief if it proves a breach of this Settlement Agreement that is not timely cured. Tecnoglass shall not be required to prove the elements of injunctive relief to obtain said injunction. If Tecnoglass prevails, it shall be entitled to the entry of a final judgment for (a) all amounts that remain unpaid under this Settlement Agreement, (b) liquidated damages equal to $350,000 and (c) permanent injunctive relief as set forth herein.

(ECF No. 27 at 11).[6]

Plaintiff asserts that, at the time of the 2018 Settlement Agreement, the damages Tecnoglass might suffer as a result of RC Home's breach were not readily ascertainable because there was no way to forecast the economic impact of the improper use of Plaintiff's intellectual property or the sale of RC Home to Paredes. Plaintiff further asserts that an award of $350,000.00 would not be grossly disproportionate to the actual damages Tecnoglass might have suffered because its damages would have otherwise included reputational harm and lost profits.

Defendants argue that the liquidated damages clause is a penalty and unenforceable. Defendants argue that Plaintiff's damages as a result of the breach cannot be considered not readily ascertainable because "the liquidated damages clause does not state that the damages are not readily ascertainable and in fact states that in the event of a breach, . . . all monies due under Section V will be due." (ECF No. 111 at 4). Defendants assert that $350,000.00 is grossly

---

[6] The undersigned notes that the 2018 Settlement Agreement is filed on the docket under seal. *See* (ECF No. 27). The excerpted portion of the Settlement Agreement as presented above was previously filed on the open docket by Defendants in their Response to the instant Motion. (ECF No. 111 at 3). As such, the undersigned provides the relevant portions of the 2018 Settlement Agreement that have already been reproduced on the open docket by the Parties.

disproportionate to any damages that would follow a breach of the 2018 Settlement Agreement. Defendants further argue that because the "wherefore" clause of Count IV, alleging breach of contract, in Plaintiff's Complaint seeks not only liquidated damages but also "any additional damages found to be due," the liquidated damages clause is a penalty.

"A liquidated damages provision in a contract is enforceable so long as (1) damages as a result of the breach were not readily ascertainable at the time of the contract and (2) the sum stipulated is not grossly disproportionate to any damages that might reasonably be expected to flow from the breach, otherwise it is a penalty and unenforceable." *ReliaBill Sols., LLC v. Milestone Detox, LLC*, No. 20-60890-CIV, 2021 WL 217091, at *4 (S.D. Fla. Jan. 21, 2021). "Whether the sum stipulated in a contract to be paid in the event of a breach will be considered a penalty or liquidated damages is a question of law for determination by the Court." *Action Orthopedics, Inc. v. Techmedica, Inc.*, 759 F. Supp. 1566, 1569 (M.D. Fla. 1991).

The District Court found that RC Home materially breached Article IV of the 2018 Settlement Agreement when it challenged Plaintiff's copyrights; and Article XXVIII, when RC Home did not notify Plaintiff that RC Home was sold to Paredes. In determining these breaches were material, the District Court noted Plaintiff's assertion that "because of RC Home's breach of the 2018 Settlement Agreement, Plaintiff suffered damages including marketplace confusion, harm to its reputation, goodwill, and brand, loss of substantial time and money invested to research and create the technical drawings, and hard-to-quantify economic harm." (ECF No. 104 at 16). The Court further noted that Defendants did not dispute Plaintiff's assertion that the breaches caused Plaintiff to suffer substantial injury. (*Id.*). The Court found, with no evidence in the record contradicting Plaintiff's claim, "that RC Home's breaches of the 2018 Settlement Agreement

caused Plaintiff to suffer substantial injury when RC Home challenged Plaintiff's copyrights and failed to notify Plaintiff of its sale." (*Id.*).

Defendants raise one argument pertaining to the ability to ascertain Plaintiff's damages. Defendants argue the first prong is not met because the liquidated damages clause does not state that the damages are not readily ascertainable. (ECF No. 111 at 4). The Court first notes that Defendants have not provided any legal support for the proposition that because a liquidated damages clause does not state that the damages are not readily ascertainable, that the damages are in fact ascertainable. Regardless, Defendants did not dispute that the breaches caused Plaintiff to suffer substantial injury. (ECF No. 104 at 16). Those injuries included "marketplace confusion, harm to its reputation, goodwill, and brand, loss of substantial time and money invested to research and create the technical drawings, and hard-to-quantify economic harm." (*Id.*). At the time of the Agreement, Plaintiff's asserted harm, such as harm to its "goodwill" or "reputation," would not be readily ascertainable. Plaintiff asserts that the Parties could not have "forecast[ed] the economic impact of the improper use of Tecnoglass' intellectual property, or the sale of RC Home to Paredes," (ECF No. 109 at 9), a proposition that Defendants do not dispute in their Response. Accordingly, the undersigned finds that Plaintiff's damages as a result of the breaches were not readily ascertainable at the time of the 2018 Settlement Agreement.

Defendants' conclusory assertion, that the amount of the liquidated damages is grossly disproportionate to any damages that would follow, is not supported by any citation to record evidence. Nor do Defendants expand on what here renders the liquidated damages grossly disproportionate. To find a liquidated damages clause grossly disproportionate, the liquidated damages would have to be "so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce

full performance, rather than to liquidate their damages." *Country Inns & Suites by Carlson, Inc. v. Interstate Props., LLC*, 329 F. App'x 220, 222 (11th Cir. 2009).  There is nothing before the undersigned to suggest that is the case here.  And, as the District Court noted, Defendants did not dispute Plaintiff's assertion that the breaches caused Plaintiff to suffer substantial injury.

Defendants lastly argue that the "wherefore" clause in Plaintiff's claim for breach of contract demonstrates that the liquidated damages clause is a penalty.  Plaintiff's breach of contract claim reads,

> **WHEREFORE**, Tecnoglass requests entry of judgment in its favor and against RC Home, as follows:
> a. That RC Home be found to have breached the 2018 Settlement Agreement;
> b. For liquidated damages in an amount of $350,000.00;
> c. *For any additional damages found to be due*;

(ECF No. 107 at 20) (emphasis added).

Defendants assert that the inclusion of "for any additional damages found to be due" renders the liquidated damages clause a penalty.  Defendants cite to *Waters v. Key Colony East, Inc.*, in support of this argument for the proposition that "[a] party to a contract, who agrees to accept a sum as liquidated damages, cannot sue for actual damages."  345 So. 2d 367, 367 (Fla. 3d DCA 1977); (ECF No. 111 at 4).  Defendants have not cited to any support, legal or otherwise, that Plaintiff's inclusion of the phrase "for any additional damages found to be due" is akin to Plaintiff suing for or requesting actual damages.  Nor does the undersigned find that, by including the language "for any additional damages found to be due," Plaintiff is requesting actual damages in conjunction with liquidated damages.  Accordingly, Defendants suggestion that this addition to the "wherefore" clause demonstrates the liquidated damages clause is a penalty is unavailing.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff be found entitled to **$350,000.00** in liquidated damages against RC Home, pursuant to Article XI of the 2018 Settlement Agreement.

### B.      Attorney's Fees and Costs

Plaintiff seeks to recover $368,186.50 in attorney's fees pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505, against BES and pursuant to the 2018 Settlement Agreement against RC Home.  Plaintiff additionally seeks to recover $16,769.01 in costs pursuant to Southern District of Florida Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920.

Defendants do not dispute that Plaintiff is entitled to attorney's fees and costs.  Defendants instead assert that Plaintiff's requested amount is excessive and that attorney's fees and costs should be determined after the entry of final judgment.

Regarding Defendants' objection that Plaintiff's requested attorney's fees are excessive, Defendants do not assert any specific objection to any particular entry.  Southern District of Florida Local Rule 7.3(a) requires that "respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority."  S.D. Fla. L.R. 7.3(a).  Defendants have failed to do so.  Accordingly, Defendants' generic objection to Plaintiff's requested attorney's fees is improper.

Turning to Defendants' assertion that Plaintiff's award of attorney's fees should be determined after final judgment, Southern District of Florida Local Rule 7.3(a) provides that a motion for attorney's fees shall "be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim."  S.D. Fla. L.R. 7.3(a)(1).  Here, Plaintiff has filed its Motion for attorney's fees within 60 days of the District Court's Order finding that BES infringed Plaintiff's copyrighted materials and that RC Home materially breached the 2018 Settlement

Agreement.  Accordingly, Plaintiff's request for attorney's fees is timely filed in response to the Order giving rise to its claim, even though final judgment has yet to be entered.

## 1.    Entitlement to Attorney's Fees

In its Motion, Plaintiff seeks attorney's fees and costs from BES pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505, and from RC Home pursuant to the 2018 Settlement Agreement.

### i.    The Copyright Act

Under the Copyright Act, district courts have the discretion to award prevailing parties their attorney's fees in a civil copyright-infringement action.  17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."); *see InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014); *Dubay v. King*, No. 3:17-CV-348-J-20MCR, 2021 WL 7209882, at *3 (M.D. Fla. Jan. 22, 2021); *Caracol Television, S.A. v. Telemundo Television Studios, LLC*, No. 18-23443-CIV, 2022 WL 17583608, at *7 (S.D. Fla. Aug. 4, 2022).  The Copyright Act gives the court broad discretion to determine whether a party is the prevailing party.  *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1296 (S.D. Fla. 2015).  While an award of fees is not mandated in every case, the Court applies the same standard whether the party prevailing is the plaintiff or the defendant.  *Id.* at 1296–97 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 520–21, 526 (1994)).  If the trial court exercises its discretion to deny fees to the prevailing party, it must explain its decision to deny fees.  *Casella v. Morris*, 820 F.2d 362, 367 (11th Cir. 1987).

Courts should consider certain factors in determining whether the prevailing party is entitled to attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation;

(4) objective unreasonableness (both in the factual and legal components of the case); and (5) the need in particular circumstances to advance considerations of compensation and deterrence. *Katz*, 127 F. Supp. 3d at 1297 (citing *Fogerty*, 510 U.S. at 535 n.19). The Court is not required to weigh all of these factors, rather the Court should exercise its equitable discretion. *Id.*

The degree of success obtained weighs in favor of rewarding fees as the Court granted summary judgment in Plaintiff's favor on its copyright infringement claim against BES.

As to frivolousness, a claim or defense is "frivolous if it is without arguable merit in either law or fact." *Davis v. Tampa Bay Arena, Ltd.*, No. 8:12-CV-60-T-30MAP, 2013 WL 4457408, at *1 (M.D. Fla. Aug. 16, 2013). The District Court found that Defendants infringed Plaintiff's copyrighted materials because BES, through Paredes, had access to Plaintiff's copyrighted materials and that the copyrighted works were substantially similar to Defendants' products. In making this finding, the District Court noted that Plaintiff adduced record evidence that was not meaningfully rebutted by Defendants' arguments in response. The Court found Defendants' arguments unavailing and insufficient to create a genuine issue of material fact. The District Court further noted Defendants failed to raise any arguments relating to their affirmative defenses and, because of this, none of Defendants' affirmative defenses were availing as to Plaintiff's claim of copyright infringement. (ECF No. 104 at 10). Accordingly, this factor weighs in favor of awarding Plaintiff fees.

In determining the objective reasonableness of the losing party's position, the Court must consider "the clarity of the law with respect to the losing party's position at the time that the losing party pressed its argument." *Davis*, 2013 WL 4457408, at *2. The law of copyright infringement with respect to Defendants' positions was clear at the time Defendants asserted their arguments. Further, through the respective Statements of Undisputed Facts, Paredes admitted that the NOAs

for Tecnoglass 2400 LMI and Tecnoglass 2400 SMI were included in a permit submission for the 601 Washington Project, and that he did not have the authority to submit them.  Paredes further admitted that the BES Series FX 3000 infringed on the technical drawings for Tecnoglass 3070 LMI and Tecnoglass 3070 SMI, and that BES submitted its Series FX 3000 in its permit submission for the 601 Washington Project.  Defendants' admissions in this case demonstrate the objective unreasonableness of their stance in this litigation.  As such, this factor weighs in favor of awarding fees.

Regarding motivation, there is no evidence before the undersigned of BES's improper motivation.  Plaintiff asserts that Plaintiff has been forced to protect its intellectual property against a company associated with Paredes three times.  However, as previously noted, Paredes was not affiliated with RC Home during the previous litigation involving Plaintiff's copyrighted materials. As such, this factor weighs in favor of Defendants.

As to the need in particular circumstances to advance considerations of compensation and deterrence, "the district court should consider not whether the losing party can afford to pay the fees but whether the imposition of fees will further the goals of the Copyright Act.'"  *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 843 (11th Cir. 1999).  "To a great extent, therefore, the need to advance considerations of compensation and deterrence goes hand in hand with the inquiry into the reasonableness of the parties' positions. . . .  [A] party that presents only objectively unreasonable claims or defenses should not be encouraged in such conduct and, in fact, should pay the attorney's fees associated with the prevailing party's resulting necessary prosecution or defense."  *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245–46 (S.D. Fla. 2008). Under this factor, and as noted above, Defendants' arguments, devoid of contrary evidence, and admissions weigh in favor of awarding fees as well.

18

Accordingly, upon review of the *Fogerty* factors and without opposition from Defendants, the undersigned **RECOMMENDS** Plaintiff be found entitled to attorney's fees against BES pursuant to Section 505 of the Copyright Act.

ii.   <em>The 2018 Settlement Agreement</em>

Plaintiff argues it is entitled to attorney's fees and costs against RC Home pursuant to Article XXII of the 2018 Settlement Agreement. Section XXII provides, in relevant part, "in the event of litigation to enforce this Settlement Agreement, the prevailing Party shall be entitled to reasonable attorneys' fees and costs incurred to be paid by the non-prevailing Party." (ECF No. 27 at 14).

"Under Florida law, 'where a contract provides for an award of prevailing party attorney's fees, the trial court is without discretion to decline to enforce that provision.'" *TEC Serv, LLC v. Crabb*, 622 F. App'x 867, 870 (11th Cir. 2015). The prevailing party for attorney's fees is "the party prevailing on the significant issues in the litigation." *Id.* (citing *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992)).

Applying these principles here, Plaintiff is the prevailing party because the District Court found RC Home materially breached the 2018 Settlement Agreement. Accordingly, and without opposition from Defendants, the undersigned **RECOMMENDS** Plaintiff be found entitled to reasonable attorney's fees and costs incurred for breach of the 2018 Settlement Agreement against RC Home.

**2.**  **Amount of Award for Attorney's Fees**

Turning to the amount of the award, Plaintiff seeks to recover $368,186.50 in attorney's fees and $16,769.01 in costs incurred. Plaintiff seeks recovery of time incurred by eight different attorneys and three paralegals, totaling 693.20 hours billed. Plaintiff's Motion, however, fails to comply with the Local Rules.

Southern District of Florida Local Rule 7.3(a) requires that a motion for attorney's fees and costs "certify that a good faith effort to resolve issues by agreement occurred" and must describe "what was and was not resolved by agreement." S.D. Fla. L.R. 7.3(a)(8).

Plaintiff's certification of conferral states: "The undersigned counsel certifies that he has attempted to make a good faith effort to resolve the foregoing issues by agreement on August 7, 2023." This certification, while summarily stating efforts were made in good faith, fails to demonstrate that a good faith effort was actually undertaken in conferring with opposing counsel. This is further supported by counsel's failure to provide what was and was not resolved by agreement, also in violation of the Local Rules. Accordingly, for failure to adhere to the Local Rules, the undersigned **RECOMMENDS** that Plaintiff's Motion for an award of attorney's fees be **DENIED, without prejudice**. The undersigned further **RECOMMENDS** that Plaintiff be required to file an amended motion for an award of attorney's fees within fourteen days of the District Court's Order, if entitlement is found, and submit via e-mail to the Court an Excel spreadsheet of counsel's billing entries.

In amending Plaintiff's Motion, the Court cautions Plaintiff that the "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988)). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. While Defendants' general objection that the amount sought was excessive violates the Local Rules, it was not misplaced. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). If the fee applicant fails to exercise the

required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *ACLU of Ga.*, 168 F.3d at 427. Further, while a client may retain multiple attorneys, the Court may not award time incurred by multiple attorneys without determining the unique, nonduplicative work performed by each. *Pena v. Facci of Merrick Park, Inc.*, No. 18-24296-CIV, 2020 WL 13390192, at *4 (S.D. Fla. Oct. 12, 2020).

### 3.    Taxable Costs

In addition to attorney's fees, Plaintiff seeks to recover $16,769.01 in costs incurred in connection with this action. This amount consists of $844.63 in fees of the Clerk; $856.75 in fees for service of summons and subpoena; $2,062.69 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; $5,255.34 in fees and disbursements for printing; $180.00 in fees for witnesses; $3,880.00 in fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case; and $3,689.60 in other costs. This amount is itemized in a chart filed in support of the Motion. (ECF No. 109-2 at 139–42). Defendants do not object to the request.

The Local Rules of the Southern District of Florida require that any motion for fees and/or non-taxable expenses and costs shall "describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(a)(6). In addition, any request of costs under 28 U.S.C. § 1920 "shall attach copies of any documentation showing the amount of costs." S.D. Fla. L.R. 7.3(c). Here, Plaintiff's request for costs is not supported by any documentation or invoices evidencing the costs sought. Rather, the request for costs is supported only by an attorney-prepared chart listing the costs incurred for which Plaintiff seeks recovery. In this respect, the Motion's request for costs fails to comply with the Local Rules.

Plaintiff's Motion also improperly combines the request for taxable costs with the motion for non-taxable costs and fees in contravention of the Local Rules, *see* S.D. Fla. L.R. 7.3(a) ("A party shall seek costs that are taxable under 28 U.S.C. § 1920 by filing and serving a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below.  The costs and expenses sought in a motion under this paragraph shall not include any cost sought in a bill of costs.").  Nor are Plaintiff's costs presented on AO Form 133 as required.  *See* S.D. Fla. L.R. 7.3(c).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's request for costs be **DENIED** for failure to comply with the Local Rules.

## III.   RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

(1) Plaintiff's Motion for Final Judgment and Related Relief, Motion for Award of Attorneys' Fees, and Costs (ECF No. 109) should be **GRANTED, in part**, and **DENIED, in part**, regarding the issues of damages and attorney's fees and costs.

(2) Plaintiff should be awarded **$31,000.00** in damages for each violation, totaling **$124,000.00**, against BES for willful infringement of Plaintiff's copyrighted materials.

(3) Plaintiff should be awarded **$350,000.00** in liquidated damages against RC Home pursuant to Article XI of the 2018 Settlement Agreement.

(4) Plaintiff should be found entitled to reasonable attorney's fees against BES pursuant to Section 505 of the Copyright Act.

(5) Plaintiff should be found entitled to reasonable attorney's fees pursuant to Article XXII of the 2018 Settlement Agreement against RC Home.

(6) Should the District Court find Plaintiff is entitled to attorney's fees, Plaintiff's Motion for an award of attorney's fees should be **DENIED, without prejudice.**

(7) Should the District Court adopt this Report and Recommendations, Plaintiff should be required to file an amended motion for an award of attorney's fees within fourteen days of the District Court's Order, and submit via e-mail to the Court an Excel spreadsheet of counsel's billing entries.

(8) Plaintiff's request for costs should be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 2nd day of February, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     Honorable K. Michael Moore
        Counsel of Record

23