UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22356-KMM

TECNOGLASS, LLC,

    Plaintiff,

v.

EUSEBIO PAREDES, *et al.*,

    Defendants,
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Tecnoglass, LLC's ("Plaintiff") Motion for Final Judgment and Related Relief, Motion for Award of Attorneys' Fees, and Costs. ("Mot.") (ECF No. 109). The Motion was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or issue a Report and Recommendation regarding the issues of damages and attorney's fees and costs. (ECF No. 110). On February 2, 2024, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 114), recommending that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART. Plaintiff filed a Limited Objection to the Report and Recommendations. ("Obj.") (ECF No. 115). The matter is now ripe for review.[1] As set forth below, the Court ADOPTS the R&R.

---

[1] The Court assumes the Parties' familiarity with the facts and procedural history, which are set forth in the R&R. *See* R&R at 1–3.

**I.    LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Yet when a party has failed to object to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-CV-21230, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review").

**II.   DISCUSSION**

As set forth in the R&R, Magistrate Judge Louis recommends that: (1) Plaintiff be awarded $31,000.00 in damages for each of the four instances of copyright infringement, totaling $124,000.00, against Defendant Building Envelope Systems, Inc. ("BES") for willful infringement of Plaintiff's copyrighted materials, R&R at 4–10; (2) Plaintiff be found entitled to $350,000.00 in liquidated damages against Defendant RC Home Showcase, Inc. ("RC Home") pursuant to Article XI of the 2018 Settlement Agreement, *id.* at 10–15; (3) Plaintiff be found entitled to attorney's fees against Defendant BES pursuant to Section 505 of the Copyright Act, *id.* at 16–19; (4) Plaintiff be found entitled to reasonable attorney's fees and costs incurred for breach of the 2018 Settlement Agreement against Defendant RC Home, *id.* at 19; (5) Plaintiff's Motion for an award of attorney's fees be denied without prejudice for failure to adhere to the Local Rules, *id.* at

19–20; and (6) Plaintiff's request for costs be denied for failure to comply with the Local Rules, *id.* at 21–22.

The only objection filed by any of the Parties relates to Plaintiff's request for statutory damages under the Copyright Act. *See generally* Obj. As noted above, Magistrate Judge Louis recommends that Plaintiff be awarded statutory damages in the amount of $124,000.00 for its copyright infringement claim against BES pursuant to Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c). *See* R&R at 9. Specifically, Magistrate Judge Louis recommends that Plaintiff be awarded $31,000.00 in damages for each of the four instances of copyright infringement. *Id.* Plaintiff objects to the recommended damages award solely with respect to one of the four violations. *See* Obj. at 7. Plaintiff argues that enhanced statutory damages in the amount of $150,000.00 are appropriate for BES's copyright infringement in connection with the 601 Washington Project because (1) BES's infringement was willful and (2) enhanced damages are necessary to deter BES and Paredes from infringing upon Plaintiff's copyrighted intellectual property in the future. *Id.* at 5.

Section 504(c) of the Copyright Act provides that, once a plaintiff has established the infringement of its copyrighted work, a plaintiff may elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" for each work. 17 U.S.C. § 504(c)(1). Where a plaintiff demonstrates "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000" per work. *Id.* § 504(c)(2). "The Court has substantial discretion to enter a damages award within these statutory limits." *Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, No. 20-81307-CIV, 2021 WL 2823270, at *2 (S.D. Fla. July 7, 2021) (citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). "In calculating damages, courts

generally consider: (1) the infringers' blameworthiness (willful, knowing, or innocent); (2) the expenses saved and the profits reaped by the defendants in connection with the infringement; (3) the revenues lost by the plaintiffs due to the defendants' conduct; and (4) the deterrent value of the damages imposed." *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1261 (11th Cir. 2014). However, "[s]tatutory damages are not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered." *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1313 (M.D. Fla. 2008) (internal quotation marks and citation omitted).

As previously noted, Magistrate Judge Louis recommends that Plaintiff be awarded $31,000.00 in damages for each violation against BES for infringement of Plaintiff's copyrighted materials. R&R at 9. In the R&R, Magistrate Judge Louis finds that "[t]he undisputed facts . . . demonstrate that BES, through [Defendant Eusebio] Paredes, knowingly infringed Plaintiff's copyrighted materials, and thus support a finding of willful infringement." *Id.* at 7. However, Magistrate Judge Louis concludes that an award of $150,000.00 per violation, which is Section 504(c)'s maximum award and Plaintiff's request, is not warranted in this case. *Id.* at 8. In its Objections, Plaintiff does not point to any specific legal error that Magistrate Judge Louis made in reaching this determination. *See generally* Obj. Rather, Plaintiff merely reiterates its argument that enhanced statutory damages in the amount of $150,000.00 are appropriate for BES's copyright infringement in connection with the 601 Washington Project. *Id.* at 5.

After careful review of the record and Magistrate Judge Louis's detailed R&R, this Court agrees that the maximum award of $150,000.00 is not warranted with respect to the 601 Washington Project, and that an award of $31,000.00 for each of the four instances of infringement is appropriate. As an initial matter, Magistrate Judge Louis agrees with Plaintiff that the record

supports a finding of willfulness with respect to the 601 Washington Project. *See* R&R at 7. However, Magistrate Judge Louis concludes that "BES's proffered halt of any infringement, which is unrebutted by Plaintiff . . . somewhat lessen[s] the Court's concern of future violations and the need for deterrence in assessing an award of statutory damages." *Id.* at 8. Plaintiff does not take issue with this conclusion in its Objections. *See generally* Obj. Magistrate Judge Louis further notes that Plaintiff has not provided any specific amounts to assist the Court in determining an appropriate award of statutory damages. R&R at 8. Nor has Plaintiff explained exactly how it has been damaged by the infringement. *Id.* at 9. Given that Plaintiff has failed to provide any evidence on which to base the award of statutory damages, this Court agrees with Magistrate Judge Louis that an award of $31,000.00 per violation is appropriate to ensure that Defendants do not reap a benefit from the violations and Plaintiff does not receive a windfall recovery. Accordingly, the Court overrules Plaintiff's objection.

No other objections to R&R were filed by any of the Parties. After careful review, this Court agrees with the findings and recommendations set forth in Magistrate Judge Louis's thorough and well-reasoned R&R.

## III.     CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 114) is ADOPTED. Plaintiff's Motion for Final Judgment and Related Relief, Motion for Award of Attorneys' Fees, and Costs (ECF No. 109) is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff is awarded $31,000.00 in damages for each instance of copyright infringement, totaling $124,000.00, against Defendant BES for willful infringement of Plaintiff's copyrighted materials.

2. Plaintiff is awarded $350,000.00 in liquidated damages against Defendant RC Home pursuant to Article XI of the 2018 Settlement Agreement.

3. Plaintiff is entitled to reasonable attorney's fees against Defendant BES pursuant to Section 505 of the Copyright Act.

4. Plaintiff is entitled to reasonable attorney's fees pursuant to Article XXII of the 2018 Settlement Agreement against Defendant RC Home.

5. Plaintiff's request for an award of attorney's fees is DENIED WITHOUT PREJUDICE for failure to adhere to the Local Rules.

6. Plaintiff shall file an amended motion for an award of attorney's fees within fourteen (14) days of this Order and submit via e-mail to the Court an Excel spreadsheet of counsel's billing entries.

7. Plaintiff's request for costs is DENIED.

A Final Judgment consistent with this Order shall follow.

DONE AND ORDERED in Chambers at Miami, Florida, this   26th   day of March, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record