UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22356-KMM

TECNOGLASS, LLC,

    Plaintiff,

v.

EUSEBIO PAREDES, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS MATTER** is before the Court upon Plaintiff's Amended Motion for an Award of Attorneys' Fees (ECF No. 118). Defendants filed a Response (ECF No. 123), to which Plaintiff replied (ECF No. 126). The matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Judge Rules for the Southern District of Florida, to take all necessary and proper action as required by law and/or issue a report and recommendation. (ECF No. 120). Having considered the Motion, Response, Reply, and being otherwise duly advised, the undersigned respectfully recommends that Plaintiff's Amended Motion for an Award of Attorneys' Fees (ECF No. 118) be **GRANTED IN PART** and that Plaintiff be awarded **$243,326.65 in reasonable attorneys' fees**.

**I.    BACKGROUND**

Plaintiff asserted claims of copyright infringement, tortious interference, and breach of contract against Defendants. (ECF No. 1). The Court granted summary judgment in Plaintiff's favor on four counts, including the copyright infringement claims. (ECF No. 104). The Order on Plaintiff's Motion for Final Judgment awarded Plaintiff $124,000.00 in damages for copyright

1

infringement against Defendant Building Envelope Systems, Inc. ("BES"), and $350,000.00 in liquidated damages against Defendant RC Home Showcase, Inc. ("RC Home") pursuant to the 2018 Settlement Agreement. (ECF No. 116). The Court also ruled that Plaintiff is entitled to reasonable attorneys' fees against BES pursuant to 17 U.S.C. § 505 and against RC Home pursuant to Article XXII of the 2018 Settlement Agreement. (*Id.*). Plaintiff's initial request for an award of attorneys' fees was denied without prejudice for failure to comply with Local Rule 7.3. (*Id.*).

Plaintiff now brings this Amended Motion for an Award of Attorneys' Fees, in which it seeks a total award of $347,609.50. Defendants oppose the Amended Motion on the grounds that Plaintiff again failed to comply with Local Rule 7.3, Plaintiff's counsel's hourly rates are unreasonably high, and the hours expended should be reduced by 30 to 50 percent.

II.   **LOCAL RULE 7.3(b)**

Southern District of Florida Local Rule 7.3(b) requires a fee applicant to serve its opponent with a draft motion at least 30 days prior to the deadline for filing a motion for attorneys' fees. Within 21 days of service of the draft motion, the parties must confer and attempt in good faith to agree on entitlement to and the amount of fees. S.D. Fla. L.R. 7.3(b). The respondent is to identify each time entry to which it objects, describe its objection with particularity, and provide supporting legal authority. *Id.* "Local Rule 7.3's requirements are not optional, but mandatory." *Sriskada v. Harbor Pita, Inc.*, No. 14-20526-Civ, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014).

Plaintiff's counsel represents in the Amended Motion that his attempts to confer went unanswered until the day before filing; then new counsel appeared for Defendants. Though the Amended Motion states counsel's intention to continue to attempt conferral, the response in opposition denies that any further communication between the Parties occurred. The obligation to confer *in good faith* attaches to both sides. Plaintiff will not be penalized for Defendants' late

2

substitution of counsel nor be required to reinitiate all efforts to confer here. It is without dispute that newly-appeared defense counsel was aware of the motion and the duty to confer, yet the response describes no efforts made to pick up the conferral effort with Plaintiff's counsel. Under these circumstances, the undersigned will not recommend that the Amended Motion be denied for failure to comply with Local Rule 7.3.

### III. JOINT AND SEVERAL LIABILITY

The Court's Order held that Plaintiff is entitled to an award of reasonable attorneys' fees against BES pursuant to 17 U.S.C. § 505 and an award of reasonable attorneys' fees against RC Home pursuant to the 2018 Settlement Agreement. (ECF No. 116). Defendants argue that Plaintiff should not be awarded attorneys' fees for time incurred pursuing claims against Defendant Paredes. Defendants further argue that "[j]oint and several liability for attorneys' fees should not be awarded here because Plaintiff prevailed on two distinct claims—one against BES and one against RC Home." (ECF No. 123 at 2).

The claims for which Plaintiff is entitled to fees and the claims that Plaintiff dropped in the Amended Complaint arise from the same underlying conduct. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 n.3 (11th Cir. 2017); *Costa v. Datapro, Inc.*, No. 10-23172-CIV, 2012 WL 591307, at *5 (S.D. Fla. Feb. 22, 2012). And the fees Plaintiff incurred for its copyright and contract claims are so intertwined that the Court cannot distinguish between the work performed on one claim versus the other. *See Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC*, No. 14-cv-61376, 2015 WL 11570970, at *6 (S.D. Fla. July 22, 2015). Therefore, under the Copyright Act, BES is liable to Plaintiff for all reasonable attorneys' fees that Plaintiff incurred in this litigation; and, under the 2018 Settlement Agreement, RC Home is liable to Plaintiff for all reasonable attorneys' that Plaintiff incurred in this litigation. Accordingly, BES and RC Home

should be jointly and severally liable for the entire award of reasonable attorneys' fees. The only remaining question is the amount of the award.

## IV.     LEGAL STANDARD

An award of fees under the Copyright Act must be reasonable. *See* 17 U.S.C. § 505; *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999). The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar is the product of multiplying the "number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

It is the movant's burden to establish entitlement to the award and provide adequate documentation of the appropriate hours and hourly rates. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. However, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The role of the court is to "do rough justice, not to achieve auditing perfection." *Id.*

## V.     DISCUSSION

### A.     Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *see also Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 737 n.1 (11th Cir. 1988). Evidence of the reasonable hourly rate is to be determined by more than just the affidavit of the

attorney performing the work. *Norman*, 836 F.2d at 1299. "[S]atisfactory evidence necessarily must speak to the rates actually billed and paid in similar lawsuits." *Id.*

The Court relies on the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). They are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–20.

Plaintiff's $347,609.50 fee request is comprised of:

- 76.9 hours expended by attorney Phillip Hudson in 2022 at an hourly rate of $700.00;
- 33.9 hours expended by attorney Phillip Hudson in 2023 at an hourly rate of $700.00;
- 131.8 hours expended by attorney Michael Shuman in 2022 at an hourly rate of $525.00;
- 90.3 hours expended by attorney Michael Shuman in 2023 at an hourly rate of $600.00;
- 124 hours expended by attorney John Criste in 2022 at an hourly rate of $550.00;
- 30.5 hours expended by attorney John Criste in 2023 at an hourly rate of $610.00;
- 13.6 hours expended by attorney Karen Kline in 2022 at an hourly rate of $680.00;
- 15.5 hours expended by attorney Malcolm Bates in 2022 at an hourly rate of $470.00;
- 29 hours expended by attorney Malcolm Bates in 2023 at an hourly rate of $525.00;
- 65.9 hours expended by paralegal Nilda Castillo in 2022 at an hourly rate of $235.00; and
- 50.5 hours expended by paralegal Nilda Castillo in 2023 at an hourly rate of $250.00.

5

Mr. Hudson is a partner at Duane Morris and a trial lawyer with 38 years of commercial litigation experience. Mr. Shuman is a partner at Duane Morris with 18 years of commercial litigation experience. Mr. Criste is an associate at Duane Morris with eight years of commercial litigation experience. Ms. Kline is a partner at Duane Morris and has practiced for 15 years with a focus in intellectual property, technology transactions, and licensing. Mr. Bates is an associate at Duane Morris and has practiced for four years in the areas of business reorganization, restructuring, and bankruptcy. Ms. Castillo is a registered paralegal.

Plaintiff contends that the hourly rates sought for these practitioners are in line with the current rates of other attorneys in the Southern District of Florida who practice in the field of intellectual property. In support of this position, Plaintiff cites the American Intellectual Property Law Association Report of the Economic Survey, which found that in 2018, "[f]ull-time [i]ntellectual [p]roperty lawyers" in a firm of "[m]ore than 150" charged an hourly rate of $714 for equity partners and $611 for partner-track attorneys, on average. (ECF 118-2 at 2, 4). Defendants argue that the same report cited by Plaintiff indicates that the average hourly rate for equity partners in the "Metro Southeast" is $418 and for partner-track attorneys is $422. (*Id.*). Each party also points to past fee awards in this District to support their respective arguments that Plaintiff's requested hourly rates are reasonable or unreasonable.

In consideration of the *Johnson* factors, the undersigned finds the hourly rates requested by Plaintiff reasonable. This litigation presented complex intellectual property and procedural issues that required a high degree of skill to establish Plaintiff's entitlement to a preliminary injunction and summary judgment in its favor. Plaintiff's attorneys have many years of experience and I found their work in this case to be exceptional. They obtained a highly favorable result for Plaintiff in a timely and professional manner. The rates requested fall within the range of the

prevailing rates for similar legal services in this District and similar fee awards granted by this Court. Lastly, I note that the rates sought by Plaintiff are not significantly higher than the $565.00 hourly rate charged by Defendants' current counsel. *See* (ECF No. 123-1 at 2).

### B. Number of Hours Expended

The Court must next determine whether the number of hours expended on Plaintiff's behalf are reasonable. Hours reasonably expended are billable hours that "would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins*, 847 F.2d at 738. Fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Id*. Thus, when a request for attorneys' fees is unreasonably high, the court may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut, but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

Plaintiff asserts that its attorneys reasonably expended 545.5 hours and paralegal Ms. Castillo reasonably expended 116.4 hours performing compensable tasks in the course of this litigation. Defendants argue that numerous time entries contain insufficient information to determine whether the time expended is compensable, Plaintiff's counsel engaged in block billing, multiple attorneys spent time completing duplicative tasks, and Plaintiff seeks fees for non-compensable clerical tasks and time expended before suit was filed. Therefore, Defendants seek a 30 to 50 percent reduction in the number of compensable hours requested.

For the following reasons, I find that an across-the-board reduction is warranted.

1.     **Tasks Must Be Described with Sufficient Particularity**

Southern District of Florida Local Rule 7.3(a)(5)(C) requires that a motion for attorneys' fees provide "a description of the tasks done during those hours" reasonably expended by each timekeeper. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437 n.12 ("[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.")).

Many of Mr. Hudson's time entries fail to set out with particularity the subject matter of the time he expended. In *ACLU of Georgia v. Barnes*, the Eleventh Circuit assessed whether certain hours billed for interviewing, corresponding, and meeting with potential plaintiffs constituted compensable fact-gathering or non-compensable solicitation of clients. 168 F.3d at 436. The court held that "bare entries in the billing records," such as "interview with potential plaintiffs," "correspondence with potential plaintiffs," and "meeting with potential plaintiffs," were insufficient to "carry the[] burden of showing that the hours in question were expended on the litigation." *Id.* Although this Motion does not concern the same solicitation issue, the principle reinforced in *Barnes* applies with equal force here. Mr. Hudson consistently billed for tasks like "calls and emails with team and client," "work on matter," and "work on various." *E.g.*, (ECF No. 109-2 at 12, 44, 51, 56). "These descriptions are too vague for the Court to discern their reasonableness and legitimacy." *Diaz v. Solmar Rest., Inc.*, No. 08-21379-CIV, 2009 WL 10667781, at *5 (S.D. Fla. Aug. 7, 2009) (collecting cases).

### 2. The Amount of Time Expended on Distinct Tasks Must Be Discernable

"'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." *Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). This practice "make[s] it difficult for the district court to calculate the number of hours an attorney devoted to a particular task." *Dial HD, Inc. v. ClearOne Commc'ns*, 536 F. App'x 927, 931 (11th Cir. 2013) (citing *Barnes*, 168 F.3d at 429). The fact that "an attorney has included more than one task in a single billing entry is not, in itself, evidence of impermissible block-billing." *Off. of the Att'y Gen. v. Moving & Storage Acct. Inc.*, No. 18-CV-63144, 2020 WL 5217183, at *4 (S.D. Fla. Aug. 14, 2020) (cleaned up) (quoting *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1312 (S.D. Fla. 2009)), *report and recommendation adopted*, 2020 WL 5215151 (S.D. Fla. Aug. 31, 2020). "However, listing several *distinct* tasks in a single entry . . . constitutes impermissible block billing." *Id.* Courts in this Circuit have applied an across-the-board reduction to fee requests when block billing obscures the amount of time spent on each task. *See id.*; *Dial HD*, 536 F. App'x at 931; *Ceres Env't Servs.*, 476 F. App'x at 203; *Rodriquez v. GeoVera Specialty Ins. Co.*, No. 19-21173-CIV, 2020 WL 6800451, at *6 (S.D. Fla. Nov. 19, 2020); *Wachovia Bank v. Tien*, No. 04-cv-20834, 2015 WL 10911507 (S.D. Fla. Sept. 29, 2015), *report and recommendation adopted sub nom.*, *Am. Univ. of the Caribbean v. Tien*, No. 04-20834, 2015 WL 10911508 (S.D. Fla. Oct. 14, 2015).

Many of Ms. Castillo's billing entries constitute impermissible block billing, with individual entries covering the gamut from exchanging emails, phone calls, performing research, reading the Court's rules, preparing documents and binders, reviewing comments from attorneys, and performing various clerical tasks. Some of these tasks are compensable and some are not. Because the Court cannot discern how much time Ms. Castillo spent performing compensable

tasks and assess whether the amount of time performing each discrete task was reasonable, a reduction is necessary.

### 3. Redundant Hours

"[T]he district court is charged with deducting for redundant hours," which "generally occur where more than one attorney represents a client." *Norman*, 836 F.2d at 1301–02. "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work . . . ." *Id.* at 1302. "[A] fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Barnes*, 168 F.3d at 432.

"[W]hen a new lawyer joins the team, it is not reasonable to shift the fees incurred in his review of work already performed." *McDonough v. City of Homestead, Fla.*, No. 21-cv-21538, 2023 WL 6554294, at *10 (S.D. Fla. Aug. 11, 2023), *report and recommendation adopted*, 2023 WL 6225038 (S.D. Fla. Sept. 26, 2023); *accord Blue Water Marine Servs., Inc. v. m/y Natalita III*, No. 08-20739-CIV, 2010 WL 1330265, at *8 (S.D. Fla. Feb. 2, 2010), *report and recommendation adopted*, 2010 WL 1330009 (S.D. Fla. Mar. 29, 2010). In several instances, attorneys on Plaintiff's team billed for reviewing past filings in the case, including papers drafted by co-counsel and transcripts of hearings where their colleagues were in attendance. This time is redundant and thus non-compensable.

Conferences between Plaintiff's multiple attorneys is a more pervasive issue with the billing records. On occasion, courts in this District have found that *some* amount of time that co-counsel spends in conference with one another compensable—when such time is reasonable given the needs of the case and where the fee applicant has exercised billing judgment. *See Williams*,

657 F. Supp. 2d at 1312 (finding time spent in inter-office conferences reasonable because they were "sporadic" and "reasonably necessary," and the fee applicant sought "to be reimbursed for only one attorney at a time, not for each of the attorneys that attended the conference").[1] "But the time of two or three lawyers in a courtroom or conference when one would do may obviously be discounted." *Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 935 (11th Cir. 2013) (cleaned up). "While it is not unreasonable for a legal team to spend some time discussing the case over conference calls, . . . the fee applicant must establish that the time spent reflects the distinct contribution of each lawyer." *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *10 (S.D. Fla. Jan. 12, 2021) (internal quotations omitted) (finding that the "over 100 entries for hours the various attorneys spent on conference calls, with multiple attorneys billing for a single call," were not reasonable); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1304 (S.D. Fla. 2015). In recent years, this Court has more frequently found shifting of fees for time spent in internal conference to be "improper." *See, e.g.*, *Winslow v. Indiheartandmind, Inc.*, No. 21-cv-80800, 2022 WL 426513, at *3 (S.D. Fla. Feb. 11, 2022) (citing *Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1270 (S.D. Ala. 2013) ("With so many cooks making the broth, the need for internal conferences to keep everyone on the same recipe rises dramatically and undermines the reasonableness of those billings.")).[2]

---

[1] *See also Proudfoot Consulting Co. v. Gordon*, No. 06-80959-CIV, 2008 WL 11333721, at *6 (S.D. Fla. Aug. 27, 2008); *Blue Water Marine Servs.*, 2010 WL 1330265, at *7; *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-80918-CIV, 2011 WL 13108095, at *7 (S.D. Fla. Apr. 7, 2011), *report and recommendation adopted*, 2011 WL 13108071 (S.D. Fla. Sept. 19, 2011).

[2] *See Caldwell v. Seychelles Ltd., LLC*, No. 23-CV-61267, 2024 WL 4202125, at *7 (S.D. Fla. Aug. 16, 2024); *Comerica Bank v. Everglades Dressage, LLC*, No. 20-81360, 2023 WL 2715824, at *4 (S.D. Fla. Mar. 7, 2023), *report and recommendation adopted*, 2023 WL 2714154 (S.D. Fla. Mar. 30, 2023); *Richardson v. Fla. Drawbridges Inc.*, 2023 WL 2251397, at *10 (S.D. Fla. Feb. 27, 2023); *Ageless Found., Inc. v. Quincy Invs., Corp.*, No. 06-20293-CIV, 2007 WL 9701033, at *4 (S.D. Fla. Dec. 13, 2007), *report and recommendation adopted*, 2008 WL 11401805 (S.D. Fla. Jan. 7, 2008); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, No. 97-7014-CV, 2005 WL 8165477, at *8 (S.D. Fla. July 1, 2005), *report and recommendation adopted*, 2005 WL 8165478 (S.D. Fla. Aug. 12, 2005).

In this case, Plaintiff's counsel billed hundreds of hours for time spent in conference with one another. Plaintiff has offered no explanation or justification as to why so many conferences, frequently with three or more timekeepers in attendance, were necessary. Nor has Plaintiff's counsel attempted to exercise billing judgment by pruning excessive and duplicative time spent in conference. The undersigned finds that the billing entries fail to reflect the distinct contribution of each lawyer; on the contrary, they reflect time uniquely incurred *because* of the number of attorneys involved. *See McDonough*, 2023 WL 6554294, at *10.

### 4. Clerical Tasks

Clerical tasks, such as scheduling, gathering documents, faxing, mailing, and filing, are not compensable as attorney's fees. *Martin v. Italian Cabinetry, Inc.*, No. 18-CV-24958, 2019 WL 3429919, at *3–4 (S.D. Fla. June 6, 2019); *Williams*, 657 F. Supp. 2d at 1310–11. On April 13, 2022, Plaintiff's counsel asked Ms. Castillo to download the amended complaint, responsive pleadings, and briefs relating to the preliminary injunction and email them to him. (ECF No. 109-2 at 12). On July 1, 2022, there is a billing entry for reviewing the local rules pertaining to filing a complaint and exhibits under seal, internal emails about the same, and preparing the civil cover sheet. (*Id.* at 27). On September 15, 2022, Plaintiff's counsel asked Ms. Castillo to find the Southern District of Florida subpoena duces tecum form, prepare it, and email it to him. (*Id.* at 42). These are three of many examples where Plaintiff has billed for non-compensable clerical tasks.

### 5. Time Expended Updating Client on Litigation Status

Interviews, correspondence, and meetings with a client for the purpose of gathering factual information that will be utilized in the litigation may be compensable as part of a fees award. *See Barnes*, 168 F.3d at 436. But time spent merely updating a client on the status of its case is not. *See Santiago v. Peacock's 17, LLC*, No. 22-cv-62272, 2024 WL 582880, at *4 (S.D. Fla. Jan. 29,

2024); *Slutsky v. Plotkin*, No. 23-cv-61416, 2023 WL 9183689, at *1 (S.D. Fla. Dec. 21, 2023). Mr. Hudson often billed for "calls and emails with client." *See, e.g.*, (ECF No. 109-2 at 12, 14, 27, 50, 55). This description is too vague for the Court to ascertain whether the time was spent on compensable tasks. Because the fee applicant bears the burden of establishing the time reasonably expended on this litigation, the time incurred for calls and emails with the client, without more detail, is not compensable. *See Barnes*, 168 F.3d at 436.

### 6. Time Expended in Preparation for Litigation

Defendants argue that Plaintiff is not entitled to attorneys' fees incurred prior to initiation of this lawsuit. The Supreme Court has explained that some services performed before a lawsuit is commenced, such as drafting the initial pleadings and work associated with developing the theory of the case, are services performed "on the litigation." *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 242 (1985). Plaintiff's counsel expended 78.9 hours prior to July 27, 2022, the date of the Complaint's filing. Some of these billing entries are non-compensable for the reasons explained above, *i.e.*, because the tasks are not sufficiently described, clerical in nature, redundant, etc. However, to the extent the pre-Complaint billing entries do not suffer from those specific issues, I find that the services performed during that period were reasonably performed on the litigation. Therefore, they are compensable. Contrary to Defendants' argument, Section 505 of the Copyright Act embraces the ordinary considerations on a motion for attorney's fees, including whether services were reasonably performed on the litigation. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (in awarding fees pursuant to 17 U.S.C. § 505, courts should exercise "equitable discretion . . . in light of the considerations we have identified" in *Hensley v. Eckerhart*, 461 U.S. 423, 436–37 (1983)).

### C.     Lodestar Calculation

Considering the non-compensable billing entries discussed above, I find that an across-the-board reduction of 30 percent to the total fee award sought by Plaintiff is reasonable. Plaintiff seeks $347,609.50 in attorneys' fees. Therefore, I recommend that Plaintiff be awarded $243,326.65 in reasonable attorneys' fees.

## VI.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Amended Motion for an Award of Attorneys' Fees (ECF No. 118) be **GRANTED IN PART,** and that Plaintiff be awarded **$243,326.65 in reasonable attorneys' fees**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, on this 13th day of January, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE